## PERKINS *a*. TAYLOR.

*New York Superior Court; Special Term, July,* 1863.

CONTEMPT.—RECEIVER'S NEGLECT TO PAY REFEREE'S FEES.

Where an order requiring a receiver to pay the fees of a referee who had passed upon his accounts, by its terms appeared to have been made without notice to the receiver, and by a different justice from the one before whom the motion was first heard, and did not recite regular adjournments,—*Held*, that the court would not enforce compliance with it by process for contempt.

*It seems,* that a referee is not entitled to process for contempt, to compel a party who is appointed receiver to pay his fees.

This was a motion by one of the defendants (Taylor) to compel the plaintiff, who had been appointed in this action receiver of the partnership effects of a firm, whereof the parties to this action were members, as such receiver to pay the fees of a referee for taking an account therein under an order of the court.

The action was brought by John Perkins against Joseph W. Taylor and others.

The firm of the parties was known as Taylor, Perkins & Co., and this action was brought to wind up its affairs. The order of reference in the cause required the referee to try all the issues in the action, to take the accounts of such partners as between each other, and of the plaintiff as receiver.

The firm already mentioned sold out the whole of its stock in trade to a new firm, consisting of the plaintiff, the defendant Taylor, and a third person (Helmer), at an appraised value. By an order entered in this action by consent, such appraised value was to be charged against that new firm as a debt. A third firm (Perkins, Helmer & Co.), differing in its composition from the others, being indebted to such second firm in a large amount ($8,560), delivered its notes to the latter therefor, which came into the hands of the plaintiff, but were never paid, and the makers became insolvent, so that nothing could be collected thereon.

The referee, in the proceedings before him, confined himself to taking an account of the assets for which the plaintiff would be liable to account as receiver, which he decided was to be made up and stated entirely separate from any partnership accounts. He excluded from such account any sums collected by the defendant Taylor; also all sums paid by the plaintiff to him, or due to the plaintiff for his share of the assets of the firm. He charged the plaintiff in such account as receiver with the before-mentioned appraised value of the stock in trade bought by the second firm; and also with the amount of the notes of Perkins, Helmer & Co., before mentioned, and various other sums. He did not report upon the issues in the action, or take or state any account as between the parties to

it; but made a separate report, to the effect that all the debts were paid, and that the plaintiff as receiver was chargeable with a large sum of money. Without allowing the charges against the plaintiff, so allowed in such report, nothing would have been due to the defendant Taylor from him.

The defendant Taylor, who made the present motion, had collected various sums of money due to such second firm, of which he was a member; and various motions, made by him in this action, to remove the plaintiff as receiver therein, upon the ground of his having failed to collect the sum due from such second firm to the earlier firm of Taylor, Perkins & Co., were denied.

By the order requiring the plaintiff to pay such referee's fees, it appeared to have been made upon the motion of the defendant Taylor alone, without any notice given to the attorneys of the plaintiff and the other defendant (Gelvoy). But it was claimed to be proved by other affidavits that such service had been made. The order was made by a different justice of this court from the one before whom the argument of the motion was commenced, and by whom the further hearing was postponed to enable the counsel for the defendant Taylor to produce authorities on his behalf.

The present motion was made upon affidavits annexed of a service of the order in question, and a demand of the referee's fees, and upon the papers upon which such order was made, on which are indorsed various stipulations to adjourn, not authenticated or alluded to in the order. The plaintiff's neglect to comply with such order arose wholly from his inability to pay such fees, being insolvent. The sureties in the bond given by him as receiver were of sufficient ability to pay them.

*William Fullerton*, for the motion.

*John E. Burrill*, for plaintiff and receiver, opposed.

ROBERTSON, J.—It does not appear that the referee is a party to the present motion; if he were, it could hardly be maintained that he could apply for process of contempt against the plaintiff to compel him to pay his fees. His protection lay in re-

fusing a reference, if the parties or their attorneys were not able to pay them, or in enforcing payment by action if they were. It is also very doubtful how far he has a right to split up an order of reference to him into several subjects, and report separately upon each, without an express direction to that effect contained therein, so as upon one branch of it to bring one party in debt and enable the other party to proceed against him for the costs of the reference.

The general rule is that the prevailing party upon a reference must pay the referee's fees, and recover it back from the other by proper proceedings, and that no process as for a contempt shall issue, where an execution can be used to enforce the payment of money. This, therefore, is an attempt to subject the plaintiff to imprisonment as an officer of the court for moneys for which he is only liable as a private individual.

If, however, such order has been originally obtained on due notice, although the matters now suggested on behalf of the plaintiff might have formed good grounds for resisting it—such as the want of enough money in his hands as receiver due to the defendant Taylor to pay such referee's fees—yet the propriety of making it cannot now be inquired into. *Prima facie*, the affidavits on which the order was granted showed he had a large sum for which he was accountable, which was not contradicted. Nor is it very clear how far I can go behind that order, without a motion to vacate it for irregularity, to ascertain if it was made on due notice of motion, and proper adjournments.

An order purporting to have been made without hearing the party to be affected thereby, or some proof of an opportunity having been afforded for the purpose, does not show on its face jurisdiction over such party as an officer of the court, so as to found proceedings thereon for a contempt in disobeying it; and the moving papers in this case do not supply the defect. If regular adjournments were necessary to enable one justice to decide a motion argued before another, and postponed for further hearing (in case he could do so at all), the supposed stipulations to adjourn, and even admissions of service, are not authenticated by any proof, and can hardly be adjudged to be so now by mere inspection.

If the original order had recited the fact of such adjourn-

ments and service of notice, this court would not on this motion be entitled to go behind it. As it is, I think there is a failure of proof of jurisdiction to sustain the order, which is not a proceeding in the action, but a collateral one against a receiver or officer of the court merely; although he happens to be the plaintiff, and the defendant is interested in enforcing it.

The defendant, who now moves, stands in no better condition than the referee to whom the money is directed to be paid, and derives no additional right from the fact of being a defendant. Process for contempt ought not to issue for non-compliance with an order so loosely obtained, against all the equities of the party sought to be charged, upon proceedings out of the ordinary course, in order to subject a party thereto, instead of to a mere execution.

The plaintiff also utterly denies his ability to perform the order, which is a sufficient excuse for its non-performance. (Meyers a. Trimble, 3 *E. D. Smith*, 607; S. C., 1 *Abbotts' Pr.*, 220, 399.)

It would be hard and oppressive to imprison him for a neglect which he could not avoid.

The motion must therefore be denied without costs, without prejudice to its renewal on the acquisition by the plaintiff of sufficient means to perform the order, or to any application to set the same aside.

---

## PRATT a. CHASE.

*Supreme Court, First District; General Term, Feb.,* 1865.

INSOLVENT'S DISCHARGE.*

Objections to defects in the proceedings for an insolvent's discharge of a merely formal nature must be taken by certiorari, and cannot be taken in a collateral action.

---

* In another action involving the same questions, SOULE a. CHASE (*New York Superior Court; General Term, November,* 1863), the following points were decided:
1st. In proceedings for the discharge of an insolvent from his debts, under