# N. Y. COMMON PLEAS.

## John Fischer agt. John Raab *et al.*

*Motion to punish for contempt for non-payment of referee's fees under stipulation and order of the court — when referee's certificate sufficient — Service of papers in contempt proceedings — Demand of fees — Code of Civil Procedure, section 14.*

Where a party in a proceeding agrees in open court to pay the expenses of a reference in a certain event, and the event on which his liability depends occurs and he is ordered to pay and refuses, giving no reason, he may be punished as for a contempt under section 14, subdivision 3 of the Code of Civil Procedure.

When a referee certifies to a certain fact which was sworn to on the reference before him, such certificate is sufficient and proper.

Service of an order requiring a party to pay and to show cause, in default thereof, why he should not be punished for contempt, is properly made on him personally. If he cannot be found it may be served on his attorney. A demand is not necessary in addition to the service of the order requiring him to pay.

*Special Term, November,* 1878.

The plaintiff, with some eighty others, was a member of an unincorporated German benevolent society known as " *Die Krawken Unterstützungs Verein Deutsche Treu und Ewngkeit,*" which being translated into English means, " *The Sick Benevolent Society German Faith and Unity;*" becoming dissatisfied he brought an action in the court of common pleas for a dissolution of the society, and obtained a preliminary injunction against the officers of the society with an order to show cause why the same should not be made perpetual and for the appointment of a receiver of the property and funds of the society. On the motion to continue the injunction and for the appointment of a receiver, forty-two of the

defendants, who were represented by J. C. Julius Langbein, Esq., in opposition thereto, produced an affidavit signed and sworn to by them to the effect that the plaintiff made a motion at a meeting of the society to dissolve the society, and then at a *subsequent* meeting the plaintiff also made a motion to " *overthrow* " and *cancel* his former motion, " *and that the society continue as before.*" As the effect of the last motion would *estop* the plaintiff in his action, this affidavit was impeached, the plaintiff contending that the forty-two defendants, being Germans, did not understand what they had sworn to, and that the fact was that the plaintiff did not make the second motion, but that the same was made by some other member of the society. The plaintiff desiring a reference as to this disputed question of fact, judge JOSEPH F. DALY, referred the matter to judge John A. Dinkel " to determine and report upon such fact with all *convenient speed*," and by said order of reference it was provided that, " *the plaintiff to pay the expenses of said reference unless the said forty-two defendants, or a majority of them, shall testify upon said reference that they did not make, for the purpose of their said affidavit, the statement that plaintiff made the motion aforesaid, in which case the defendants represented by Mr. Langbein shall pay such expenses.*" The referee after hearing testimony, for nearly three months, made his report in favor of the forty-two defendants and reported, that under the order of reference, the plaintiff must pay the referee's fees amounting to the sum of $130 ; upon this fact being shown to judge DALY, an order was made that the plaintiff pay the fees of the referee within three days, or show cause why he should not be committed for contempt. The fees not being paid, an order was made that a commitment issue, and the plaintiff was locked up in Ludlow street jail.

*Henry Wehle, Charles Goldzier* and *Edward Grosse*, for plaintiff.

*George F. & J. C. Julius Langbein*, for defendants.

J. F. DALY, J. — Plaintiff having moved for a temporary injunction, which motion was opposed by defendants, an issue was raised upon the affidavits as to whether plaintiff had not, at a meeting of the society of which he and defendants were members, held May 6, 1878, made a motion to cancel or "overthrow" the proceedings of a prior meeting, held April 28, 1878, and continue the society. As the effect of such a motion by plaintiff would *estop* him from claiming, as he did on the application for an injunction, that the society was dissolved, both parties desired me to refer the question of fact to a referee; the question as to who should pay the expenses of the reference was then discussed. The plaintiff's counsel had charged that the forty-two defendants, who made affidavits on the motion against him, being German, unacquainted with the English language, were misled in signing and swearing to their affidavits containing the averment that he made the motion imputed to him at the society meeting, and the truth or falsity of his charge, it was agreed should determine whether he should, or should not, pay the referee's fees; if the forty-two defendants, or a majority of them, swore that they made the statement which appeared in their affidavits, he was to pay the fees; an order of reference containing that provision, in substance, was thereupon entered by consent.

The reference proceeded to a determination by the referee who gave a written notice and certificate that his report was ready for delivery, and that it was in favor of defendants, and that a majority of the forty-two defendants testified before him that they did make, for the purpose of their affidavit, the statement that plaintiff made the motion at the society meeting imputed to him; that the fees of the referee were $130, and that plaintiff was required pursuant to the order to pay the fees.

I made an order upon this certificate and notice and the affidavit of defendants' attorney requiring the plaintiff to pay to the referee his fees within three days or show cause why he should not be committed and the injunction vacated and

the motion for injunction and the appointment of a receiver denied and his proceedings stayed until such fees were paid.

The order and certificate and notice and affidavit were served upon plaintiff personally as directed by the order. The plaintiff appeared by his attorney of record and objected :

1st. That this application, so far as it related to the injunction and receiver, could only be made upon the referee's report on the question submitted to him, and upon notice to defendants demanding affirmative relief, *i. e.*, upon plaintiff's moving on the referee's report.

2d. That no contempt is alleged and plaintiff cannot be punished.

3d. No demand of the fees has been made; that the plaintiff is not required to pay the fees.

4th. That the court can take no notice of the report until it is filed.

5th. That the order to show cause why plaintiff should not be punished for contempt should be served on his attorney, and that this has not been done.

Plaintiff does not deny that a majority of the forty-two defendants have sworn that they made the statement which appears in their affidavits. He objects only to the mode in which notice of the fact is brought to the court.

I deem the proof of the fact sufficient and proper. The referee certifies to it and it is not denied.

Service of the order requiring plaintiff to pay, and to show cause in default thereof why he should not be punished for contempt, was properly made on plaintiff personally (*Albany City Bank* agt. *Schermerhorn*, 9 *Paige*, 372). If he could not be found it might be served on his attorney (*Pitt* agt. *Davison*, 37 *N. Y.*, 35). The object is to give notice to the party proceeded against. He has suffered nothing by the failure to serve his attorney as well as himself. His attorney appeared, on the return of the order to take the objections above specified, on plaintiff's behalf. Demand of the fees was not necessary in addition to the service of the order

Fischer agt. Raab *et al.*

demanding him to pay. The order to pay not having been complied with the party may be punished as for a contempt (*Code*, *sec.* 14, *sub.* 3). The party has had his opportunity to be heard. The amount of fees is not disputed. The rate of compensation to the referee was agreed upon on the reference.

I am disposed to grant the order for commitment as prayed for. The plaintiff applied for this reference and stipulated to pay the expenses of it, if it turned out that the defendants had understandingly made the affidavits presented on the motion. Knowing the expense and vexation to parties of references to determine disputed facts arising in the course of a motion, I endeavored to dissuade counsel from this course, but the course was taken upon the strict agreement as to paying the expense which is embodied in the order of September 17, 1878, directing the reference.

It now appears that, after a most bitter contest before the referee, the fact upon which plaintiff's liability for the fees depends is found against him; whereupon he simply disregards the matter, neglects to take up the report, and is proceeding to press his cause for trial at the equity term without reference to the motion for injunction and receiver, or the questions referred for determination. Justice requires that he should be held to his stipulation. He agreed to pay the expenses of the reference in a certain event; his agreement was embodied in the order of reference, the event upon which his liability depends occurs; he is ordered to pay and he refuses, giving no reason. A commitment should issue