FREDERICK GEIB, Appellant, *v.* JOHN TOPPING, Respondent.

The Supreme Court has no power to grant an order, on application of the referee in an action, requiring the plaintiff to pay the referee's fees and take up the report.

*It seems* that as referees act voluntarily, their rights are to be enforced according to the principle of the law of contracts.

*It seems,* also, that a referee is not bound to part with his report without payment of his legal fees, and when he has his report ready within the statutory time and offers to deliver it on payment of such fees, the offer will be deemed a sufficient delivery to prevent a forfeiture of fees declared by section 1019 of the Code of Civil Procedure.

*Fischer* v. *Raab* (56 How. Pr. 218), *S. C.* (58 id. 221), *Adams* v. *Hopkins* (5 Johns. 252), *Ousterhout* v. *Day* (9 id. 114), distinguished.

(Submitted November 9, 1880; decided November 30, 1880.)

APPEAL from order of the General Term of the Superior Court of the city of Buffalo, made June 14, 1880, affirming an order of Special Term. Said order was granted on motion of a referee appointed in this action, and directed the plaintiff to take up said referee's report, and pay to him his fees within twenty days, etc.

*Frederick R. March* for appellant. A notice pursuant to the Code of Procedure, if no stipulation of waiver is entered into, is all that is required to end a reference. (*Ballou* v. *Parsons*, 55 N. Y. 673.) The referee forfeits his fees if he fails to deliver his report within sixty days from the time the action is finally submitted, if any steps are taken by either party indicating a desire to proceed as though no reference had been ordered. (26 How. Pr. 164, 409; Code of Civil Proc., § 1019.) A report made after notice to end the reference is irregular, and will be set aside on motion. (*Livingston* v. *Gidney*, 25 How. Pr. 1, 7; *Litch* v. *Brotherson*, id. 407.) When the referee neglects to either file or deliver his report pursuant to statute, and either party serves a notice as required by section 1019 of the Code of Civil Procedure, the

action must proceed as if the reference had not been directed. (*Niles* v. *Maynard*, 28 How. Pr. 390; *Gregory* v. *Corrydon*, 10 Abb. [N. S.] 289.)

*George Wing* for respondent. The notice served by defendant's attorney upon the attorney for the appellant, notifying him that he elects to end the reference, was ineffectual for that purpose, the referee having made and signed his report within the sixty days given him by statute. (*Quackenbush* v. *Johnson*, 55 How. Pr. 94; *Waters* v. *Shepard*, 14 Hun, 223.) The referee has a lien upon the report, and cannot be compelled to deliver it until his fees are paid. (*Ott* v. *Schroeppel*, 3 Barb. 63; *Fisher* v. *Raab*, 58 How. Pr. 227.)

RAPALLO, J. We are of opinion that the court below had no power to make the order requiring the plaintiff to pay the referee's fees and take up the report. We find no authority holding that, on a summary application made by a person not a party to the action, the court can order one of the parties to pay him a sum of money for services rendered in the action. The only authority cited by the appellant is *Fischer* v. *Raab* (56 How. Pr. 218, and 58 id. 221). In that case it was one of the terms of the order granting the reference, assented to by the party applying for it, that in a certain event he should pay the referee's fees. That event having occurred, the court ordered him to perform the previous order, to which he had assented, or be attached for contempt. The order was reversed in this court on the ground that the non-payment of the money was not a contempt for which a party could be imprisoned. The power to order the payment was not passed upon, but if it had been discussed, would have presented a different question from that raised on this appeal. The order in that case simply required the party to comply with terms which had, with his assent, been imposed upon him by a previous order, as a condition of obtaining relief for which he applied to the court, and the motion was made by a party to the action. The present case contains no such feature. It was a compulsory order to

which the party had not assented and was, in effect, a summary judgment without action, founded on the implied obligation of the plaintiff to pay the referee for his services. Although the referee may be regarded, in some respects, as an officer of the court, we are not aware that it has ever been the practice to proceed in this summary manner to enforce payment of the fees of the clerk, sheriff, stenographer or referee rendering services in a litigation. We find no precedent for such a proceeding. In the cases in which it was determined that an attorney was liable to the sheriff for his fees, the question arose in actions of assumpsit by the sheriff against the attorney. (*Adams* v. *Hopkins*, 5 Johns. 252; *Ousterhout* v. *Day*, 9 id. 114.) In *Judson* v. *Gray* (11 N. Y. 408) it was decided that referees do not belong to the class of officers to whom attorneys are liable for services in the suit. In that case the referee brought his action against the attorney. In *Perkins* v. *Taylor* (19 Abb. Pr. 146, 148), ROBERTSON, Ch. J., says: That it could hardly be maintained that a referee could apply for process of contempt against a party to compel payment of his fees. That his protection lay in refusing the reference if the parties were not responsible, or in enforcing payment by action if they were, and this we regard as the correct view. Referees are not bound to serve, but act voluntarily, and their rights are to be enforced according to the principles of the law of contracts.

The referee undoubtedly was not bound to part with the report without payment of his legal fees, and where a referee has his report ready within the statutory time and offers to deliver it on payment of his legal fees, such offer should, we think, be deemed a sufficient delivery to prevent the forfeiture of fees declared by section 1019 of the Code of Civil Procedure. (*Waters* v. *Shepherd*, 14 Hun, 223.) Where the non-delivery or non-filing of the report is caused by an illegal demand of excessive fees, and brings about a termination of the reference by notice, it is a serious question whether the referee should not justly lose his fees, though perhaps the better practice would be to tender the legal fees or demand that they be taxed. These questions, however, need not now be definitely

decided as the order of the General Term must be reversed on the ground of want of power of the Special Term to make the order for payment.

Orders of General and Special Terms reversed, without costs.

All concur.

Orders reversed.