THE ATTORNEY-GENERAL *v.* THE CONTINENTAL LIFE INSURANCE COMPANY.

In the Matter of the Claim of CHARLES H. WINFIELD, Referee.

The Supreme Court has power in the first instance to order the fees of a referee, appointed to take proofs and report as to the claims of a receiver of an insolvent life insurance company for compensation and expenses, to be paid directly out of the fund.

Whether or not it will make such an order is, however, a matter of discretion, and its determination is not reviewable here.

(Argued June 5, 1883 ; decided June 12, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made September 11, 1882, which reversed two orders of Special Term, directing payment by the receiver of defendant, the Continental Life Insurance Company, of a balance claimed to be due Charles H. Winfield for fees as referee.

John J. Anderson, a former receiver of said company, made

claim against its assets for compensation as receiver and for an allowance for counsel fees, etc. The matter was referred to Mr. Winthrop to take proofs and report the same to the court with his opinion. After the hearing, upon petition of Mr. Winfield, an order was made August 6, 1881, fixing his fees as referee. Certain parties interested not having been served with notice of the said application, another application was made upon an order to show cause why the original order should not be confirmed and all the parties bound thereby, the same as if they had been originally served. This application was granted by order made January 28, 1882. From these two orders the appeal to the General Term was taken.

*Edwin C. James* for appellant. The court may say that only one receiver is entitled to commissions. ( *Williamson* v. *Wilson*, 1 Bland. Ch. 439 ; Edwards on Receivers in Equity adapted to the Code ; 1 Bland. Ch. 439.)

*John C. Keeler* for attorney-general, respondent. It was error for the Special Term to direct the trust fund to pay the referee's fees, before deciding that the claim of Anderson was a valid debt against it. (Code of Civil Procedure, § 3226.) Costs, which include referee's fees, are incidental to the decision of a motion, or the rendition of a judgment in an action or special proceeding. (Code of Civil Procedure, §§ 3228, 3240 ; *Pilkin* v. *Cooley*, 5 Hun, 48 ; *Downing* v. *Marshall*, 37 N. Y. 289 ; *Struthers* v. *Christal*, 3 Daly, 329.) The order of the General Term is not appealable to this court. It was not a final order. It did not decide that appellant was not entitled to compensation, but that the facts would not warrant the allowance made by the Special Term. The order merely granted a new hearing to appellant. (*Roe* v. *Boyle*, 81 N. Y. 305 ; *Harris* v. *Burdett*, 73 id. 138 ; *Robbins* v. *Ferris*, 5 Hun, 286.)

*Edward H. Hobbs* for receiver, respondent. The order appealed from does not affect any substantial right, and is not

appealable to this court. ( *Van Slyke* v. *Hyatt*, 46 N. Y. 259; *Brown* v. *Leigh*, 50 id. 427; *Arthur* v. *Griswold*, 60 id. 143.) The referee had no authority to apply to the court on petition to compel the payment of his fees; nor did the court have authority on such application to compel either party to the proceeding to pay. (*Fischer* v. *Raab*, 81 N. Y. 235; *Geib* v. *Topping*, 83 id. 46; *Perkins* v. *Taylor*, 19 Abb. Pr. 146; *Howell* v. *Kenney*, 1 How. 105; *Ott* v. *Schroeppel*, 3 Barb. 63.)

*Raphael J. Moses, Jr.*, for policy-holders, respondent. The order is not appealable. It merely affects the mode of procedure and not a substantial right. (*Arthur* v. *Griswold*, 60 N. Y. 146; *Van Slyke* v. *Hyatt*, 46 id. 259, 263, 264; *Sherman* v. *Felt*, 2 id. 186; *Brown* v. *Leigh*, 50 id. 429.) Mr. Winfield was not a party to the special proceeding instituted by petition on the part of Mr. Anderson to recover his fees, and could not in that proceeding make any motion. (*Geib* v. *Topping*, 83 N. Y. 46.) Anderson is a necessary party to any proceeding for the adjustment of the fees of Mr. Winfield, and as to him the court can only exercise jurisdiction when he is brought before it by summons. (Code, § 416; *Judson* v. *Gray*, 11 N. Y. 408; *Perkins* v. *Taylor*, 19 Abb. Pr. 146–148.)

RAPALLO, J. Ordinarily a referee must look for his fees to the party who takes up the report, and not to the adverse party. (*Geib* v. *Topping*, 83 N. Y. 46.) In this case the party in whose favor the report was made, being a receiver appointed by the court, whose legal expenses are properly payable out of the fund, the court had power in the first instance to order the referee's fees paid directly out of the fund, but it was matter of discretion whether or not it would make such an order. For this reason, as well as for the further reason that the order appealed from was based largely on a question of fact, we do not think this appeal should be entertained.

It appeared on the argument that a considerable part of the fees allowed to the appellant by the order at Special Term had

been voluntarily paid to the appellant, and it is urged that, by the reversal of the order made at Special Term, he may be subjected to the liability of refunding what he has received. That is a matter for the consideration of the Supreme Court. As the order of the General Term is without prejudice to a new motion by the appellant to adjust his fees, the court at Special Term will have ample power, if it deems it just, to protect the appellant to the extent of what he has already received.

The appeal should be dismissed, without costs.

All concur.

Appeal dismissed.