# SUPREME COURT. ·

## George Thornton agt. Chloe C. Thornton.

*Referee — Report to be filed within sixty days after submission — Code of Civil Procedure, section 1019 — what is a sufficient compliance with this section to prevent termination of reference.*

Where a referee has made his report within the statutory time and on the fifty-ninth day after submission of the cause, notifies the plaintiff's or defendant's attorneys that his report is ready and at their disposal, and also notifies them of the amount of his fees, it should be deemed a sufficient delivery to prevent the forfeiture of his fees or the termination of the reference under section 1019 of the Code of Civil Procedure.

*Special Term, August*, 1883.

Thornton agt. Thornton.

MOTION by defendant for judgment on the report of a referee, to hear and determine a contested divorce case, under section 1229 of the Code of Civil Procedure. The motion was opposed only on the ground that the referee's report had been filed more than sixty days after the submission of the cause and after plaintiff had given notice of his election to end the reference. On the fifty-ninth day, however, the referee had adressed to the plaintiff's attorneys the following letter, which he claimed to be a constructive delivery within the meaning of section 1019 of the Code of Civil Procedure:

"DEAR SIR.—The referee's report, in the suit of *Thornton* agt. *Thornton*, is ready and at your disposal. Referee's fees are one hundred dollars.

"Yours respectfully,
"HENRY ALKER."

*Edward B. Whitney*, for motion.

*Sidney H. Stuart*, opposed, relied upon *Phipps* agt. *Carman* (23 *Hun*, 150 ; 84 *N. Y.*, 650).

HAIGHT, *J.*—I am of the opinion that I should grant the motion and order judgment for the defendant, dismissing the plaintiff's complaint, with costs. In so doing I follow *Quackenbush* agt. *Johnson* (55 *How. Pr.*, 94) ; *Cornelius* agt. *Barton* (12 *W. Dig.*, 216) ; *Geib* agt. *Topping* (83 *N. Y.*, 46). I am aware that *Phipps* agt. *Carman* (23 *Hun*, 150) is in conflict with the cases relied upon, and that this case has been affirmed in 84 *N. Y.*. I am, however, unable to concur in the opinion written in the general term, and, inasmuch as the general term of another department has since held the other way, I do not feel bound by it. The court of appeals, it is true, affirmed the decision, but did not state the grounds upon which its decision was based. In that case there was a delay of about two years in filing the referee's report, and the case is easily distinguishable from the one under consideration.

Motion granted.