ROBERT F. LITTLE, AS RECEIVER, ETC., RESPONDENT, *v.* THERESA LYNCH, APPELLANT.

*Reference — what is a sufficient delivery of the report to prevent either party from terminating it — Code of Civil Procedure, sec. 1019.*

Where, within sixty days from the time when a cause has been finally submitted to a referee he prepares and subscribes his report and offers to deliver it to the successful party upon payment of his fees, such offer is equivalent to an actual delivery, and prevents either party from serving a notice stating that he elects to end the reference, as provided in section 1019 of the Code of Civil Procedure.

*Phipps* v. *Carman* (23 Hun, 150; affirmed, 84 N. Y., 550) distinguished and not followed.

APPEAL from an order vacating and setting aside a judgment in favor of the defendant, and the report of the referee upon which the same was entered.

*Abram Kling*, for the appellant

*W. T. B. Milliken*, for the respondent.

BRADY, J.:

This motion appears to have been made and granted upon the ground that the reference had been terminated before the filing of the report of the referee. It appears that the order of reference was entered upon the 5th of April, 1881, and that the referee, upon the eighteenth of May following, made his final report in favor of the defendant, dismissing the plaintiff's complaint, and offered to deliver it to the defendant's attorney, and said that he could have the same upon the payment of his fees — all of which was done within sixty days from the time of making the same. But the fees were not paid by the attorney. A similar application to this was denied by the Supreme Court of the second department. (*Waters* v. *Shepherd*, 14 Hun, 223.) In that case it appeared the referee made his report within the time limited by the statute, and on the same day gave notice to the attorneys for the plaintiff and the defendant that the report was ready for delivery. The report was not taken up, however, until after the expiration of sixty days, when the defendant served a notice in writing upon the referee and the

plaintiff's attorney that she elected to end the reference. The plaintiff's attorney, however, took the report from the referee and entered judgment upon it. The Special Term ordered the judgment to stand as having been regularly entered. The General Term affirmed the order. It was held to be sufficient to comply with the terms of the statute, that the report was made· and the parties notified of its terms, and that it could be obtained on application to the referee. That decision rested upon section 273 of the Code, then in force, which required the referee to make and deliver his report within sixty days from the time the action was finally submitted. The decision was made in May, 1878. In December, 1880, the same department decided a similar question (*Phipps* v. *Carman*, 23 Hun, 150), holding, however, that the binding force of *Waters* v. *Shepherd* was destroyed by the Code, as altered since the decision therein was made, and the judgment of the court seems to have rested upon the change which was made by section 1019 of the Code of Civil Procedure, to the effect that the report may be delivered to the attorney for one of the parties or filed with the clerk within sixty days; and they declared that the referee would not have done his duty under, the section, unless he delivered his report to the clerk to be filed in case it was not taken up by one of the attorneys within the sixty days. That case was taken to the Court of Appeals, and decided on the 11th of February, 1881. It was affirmed without any opinion but upon the concurrence of all the judges.

In the January preceding, however, the General Term of this court, in the third department, in the case of *Cornelius* v. *Barton* (12 N. Y. Weekly Dig., 216), held that where the referee had made his report and was ready to deliver it in the statutory time but held it for the payment of his fees, there was a sufficient delivery to prevent the forfeiture of his fees or the termination of the reference under section 1019 of the Code. In that case it appeared that, within a very few days after the cause was submitted, the referee notified the plaintiff's attorney that the report was in readiness to be delivered, on the receipt of his fees. The court seems to have rested its judgment in that case upon the decision in *Geib* v. *Topping*, in the Court of Appeals (83 N. Y., 46).

Subsequently the case of *Thornton* v. *Thornton* (66 How. Pr.

Rep., 119) was decided at Special Term, namely, in August, 1883, and it was held that where the referee makes his report within the statutory time and notifies the attorneys that his report is ready and at their disposal, and also of the amount of his fees, it should be deemed a sufficient delivery to prevent the forfeiture of his fees by the termination of the reference, under section 1019 of the Code of Civil Procedure. Justice HAIGHT, in delivering the opinion, said he was aware the decision of *Phipps* v. *Carman (supra)*, was in conflict with the conclusions at which he had arrived and that the case had been affirmed in 84 New York, but stated that he was unable to concur in the opinion written in General Term, and it seems for the reason that the General Term of another department had held the other way — doubtless referring to the case of *Cornelius* v. *Barton (supra)*.

The learned justice also said that the Court of Appeals, it was true, affirmed the decision in *Phipps* v. *Carman*, but did not state the grounds upon which the decision was based; that there was a delay of two years in that case in filing the referee's report, and the case was distinguishable from the one under consideration by him. The Supreme Court, in the second department, seems to have overlooked the provision authorizing the delivery of the report as an act which would prevent the operation of the statute and destroy the right of parties to terminate the reference, by giving the notice provided for, and to have held that the referee, if the report was not actually delivered to one of the parties, must file it in the clerk's office. It is quite apparent from the reading of the statute that it is complied with if he does deliver the report as one of the alternates declared, and if the notification under section 273 of the old Code that the report was made and ready for delivery was a delivery within the terms of that statute, it certainly is within the terms of section 1019 of the present Code. The filing then is not necessary for the first alternate is accomplished. This view was not, it would seem, considered by the Court of Appeals upon the submission of *Phipps* v. *Carman*, because no opinion was delivered.

I think, therefore, in accordance with several cases, some of which are cited by Justice HAIGHT in his opinion in the case of *Thornton* v. *Thornton (supra)*, that the report was constructively delivered by the referee in this case prior to the expiration of the sixty days

and under the statute, and that the requirements of section 1019 of the Code of Civil Procedure were complied with.

The order appealed from should be reversed.

DAVIS, P. J., concurred.

DANIELS, J.:

The order was made upon the ground that the referee had failed to make and deliver his report within the time prescribed for that purpose by the Code, and that notice had been given on the part of the plaintiff terminating the reference. But it was made to appear that the report of the referee was subscribed and ready to be delivered before the expiration of the sixty days mentioned in section 1019 of the Code of Civil Procedure, and that it was offered to be delivered to the defendant's attorney upon the payment of the fees of the referee. Such an offer was considered to be equivalent to an actual delivery of the report under section 273 of the Code of Procedure. That provided, as the present Code in effect does, that the referee should make and deliver the report within sixty days from the time the action should be finally submitted, and in default thereof, and before the report should be delivered, either party could serve notice upon the other that he elected to end the reference. Under that language it was held, in *Waters* v. *Shepherd* (14 Hun, 223), to be sufficient to prevent the reference from being avoided or the report annulled; that it should be offered to be delivered within the sixty days, as this report was, to the attorney of one of the parties upon the payment of the fees of the referee. And that was regarded as an accurate construction of this provision of the Code, as it was repeated in this section of the Code of Civil Procedure in *Geib* v. *Topping* (83 N. Y., 46), where it was said that "the referee undoubtedly was not bound to part with the report without payment of his legal fees, and where a referee has his report ready within the statutory time and offers to deliver it on payment of his legal fees, such offer should, we think, be deemed a sufficient delivery to prevent the forfeiture of fees declared by section 1019 of the Code of Civil Procedure." (Id., 48.)

It has been supposed inasmuch as the legislature, by the enactment of section 1019 of the Code of Civil Procedure, authorized the report of the referee to be filed with the clerk within sixty days

that this additional liberty prevented the other provision from being complied with by such an offer as was made in this case, and was sanctioned by the authorities already mentioned. This was held in *Phipps* v. *Carman* (23 Hun, 150), which was affirmed by the Court of Appeals (84 N. Y., 650). But that affirmance, as was stated by Mr. Justice HAIGHT, in *Thornton* v. *Thornton* (66 How., 119), may very well have proceeded upon the great delay appearing to have taken place before the referee's report was filed. There certainly was no good reason for holding that the language, standing by itself, which would permit a compliance with what it required to be done by an offer of the report upon the payment of the fees of the referee, should be deprived of its effect by the additional liberty given to file it with the clerk. That was not the form in which the section was enacted, but it declared that either might be done to maintain the force and effect of the report. It might, within the sixty days, " be either filed with the clerk or delivered to the attorney for one of the parties." The referee accordingly had his election to do one or the other of these acts, and either would comply with what the legislature has required. If he filed it with the clerk that would be sufficient. If he did not do that then a delivery to the attorney for one of the parties would secure the preservation and validity of the report. And no more was required to make this delivery to the attorney for one of the parties than had been when the same provision formed a part of the Code of Civil Procedure. Consequently, what would have been a delivery of the report to an attorney for one of the parties, under the Code of Procedure, would be equally as complete a delivery of it under this section of the Code of Civil Procedure. And so it was considered in *Geib* v. *Topping* (*supra*). The same point arose in *Cornelius* v. *Barton* (12 N. Y. Weekly Dig., 216), where this construction of the section was sustained by the court. Certainly, as the enactment is precisely the same concerning the delivery of the report to the attorney in the Code of Civil Procedure as it was in the Code of Procedure, what would constitute a compliance with the latter should be held to be equally as effectual under the former. For the additional privilege secured to the referee of filing his report with the clerk in no manner tended to indicate what might be necessary to constitute a delivery to the attorney. Each proceeding

was separate and distinct. What was a good delivery under the same language employed in the Code of Procedure must necessarily be equally as good under the like phraseology in the Code of Civil Procedure.

The order should be reversed, with the usual costs and disbursements, and an order entered denying the motion.

Davis, P. J., concurred.

Order reversed, with ten dollars costs and disbursements.