NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1885.

MATTER OF KRAUS.

*In the matter of the application for revocation of the letters issued to* EMANUEL KRAUS, *as administrator of the estate of* JULIA KRAUS, *deceased.*

A Surrogate's court is without power to direct a referee, to whom a proceeding has by it been submitted, to file his report in advance of receiving his fees; or to require any party to pay those fees in advance of such filing. But a party making such payment may, in a proper case, be subsequently reimbursed, out of the estate or fund, or by an adjudication fixing a personal liability for the amount upon a party from whom the same may be justly demanded.

PETITION by James B. McKewan, alleging that a proceeding instituted to procure a decree revoking the administrator's letters had been referred at the instance of counsel for the administrator and others, and against petitioner's protest; that the referee's report was ready to be filed on payment of $253.75 fees; that petitioner was too poor to take up the

same; that the estate was exclusively personal, and did not exceed $2,000; that the administrator had $500 cash in hand, but refused to take up the report; and praying that the court direct the filing of the report, and make some provision for payment of the fees of the referee.

SACKETT, LANG, REED & McKEWAN, *for petitioner.*

LEWIS HESSBERG, *for administrator.*

MAX ALTMAYER, *for distributees.*

THE SURROGATE.—The issues raised by a petition for the revocation of the letters of the administrator of this estate, and the answer thereto, were, on the 20th day of February last, sent to a referee, to take testimony in the premises and report the same with his opinion. The reference has been concluded, and the referee has prepared his report and opinion, but has not filed the same or delivered them to any of the parties. The petitioner now applies for an order which shall direct the filing of the report and the payment of the fees of the referee out of the assets of the estate.

In my judgment, the Surrogate is powerless to direct the referee to file his report in advance of receiving his fees, and powerless to direct that any one of the parties to the proceeding shall pay the referee before his report is filed (Geib v. Topping, 83 *N. Y.*, 46; Perkins v. Taylor, 19 *Abb. Pr.*, 146). If the referee shall see fit to file his report without exacting his fees, provision can be made, in the final decree or order that may hereafter be entered in this proceeding for the payment of those fees by such of the

parties hereto as may be found justly chargeable therefor.

And if any one of the parties shall pay the referee, and it shall, at the termination of the proceeding, appear that such party ought not, under all the circumstances, to be charged with the expenses of the reference, a direction may be given for his reimbursement, and for payment of costs of reference, either out of the assets of the estate, or by some one of the parties hereto as may seem just and proper.

Motion denied.