STANDFAST *v.* CROTTY.

(*City Court of New York, General Term.* February 17, 1891.)

1. REFERENCE—LIABILITY FOR REFEREE'S FEES—ACTIONS.
    A partner sued his copartner for an accounting which was had before a referee. The referee's report was not confirmed, and the cause was sent back to him for a further report, but neither party afterwards appeared before him. *Held,* that plaintiff was liable for the referee's fees, and was properly sued therefor instead of the receiver appointed in the cause.

2. SAME—APPOINTMENT OF CLERK AS REFEREE.
    Code Civil Proc. N. Y. § 90, prohibiting any court from appointing as referee the clerk of a court of record without the written consent of the parties, in so far as it prohibits the court of common pleas from appointing its clerk as referee, is unconstitutional in divesting the court of its constitutional powers. ·

3. SAME—PRESUMPTION.
    Even were section 90 constitutional, it would be presumed, in an action by the referee for his fees, in the absence of proof to the contrary, that the parties gave their consent to his appointment.

4. SAME—RES ADJUDICATA.
    Where, on appeal to the general term of the court of common pleas, an order of the special term appointing a referee is affirmed, a party to the suit cannot, in an action against him for the referee's fees, object that the referee, being clerk of the court, was illegally appointed.
    FITZSIMONS, J., dissenting.

Appeal from judgment on report of referee.

The plaintiff sues as assignee of Nathaniel Jarvis, Jr., to recover fees due the latter for services as referee in an equity action in the court of common pleas, wherein John G. Crotty (the defendant herein) was plaintiff, and one Robert S. Jarvis defendant. An interlocutory judgment was entered in that action, wherein it was, among other things, adjudged that an account should be taken between the parties as copartners, and it was referred to the assignee as referee to take and state such an account. The referee performed his duties under the judgment, and his fees amount to $327. The referee's report was not confirmed, and by the order refusing to confirm it the referee was directed to ascertain and report additional matters. The parties never appeared before the referee under this order. Upon these facts the defendant's counsel moved to direct a verdict in favor of the defendant upon the following grounds:

"*First.* A referee cannot sue for his fees until the end of the reference, and it has been shown by the testimony of the last witness and by the admissions that nothing has been done since Judge BOOKSTAVER'S order sending the report back for further testimony. *Second.* On the ground that Mr. Jarvis, being a clerk of the court of common pleas, had no authority to act as referee. *Third.* On the ground that a referee cannot sue a party against whom a report is made, particularly after the court has denied the motion to confirm. *Fourth.* That the suit should be against the receiver mentioned in the interlocutory judgment introduced in evidence." Thereupon the court directed the jury to find a verdict in favor of the defendant, subject to the opinion of the court at general term. The parties now move for judgment on this verdict, pursuant to the Code, § 1234. .

Argued before EHRLICH, C. J., and McGOWN and FITZSIMONS, JJ.

*J. Brooks Leavitt,* for plaintiff.   *James E. Kelly,* for defendant.

EHRLICH, C. J.   The four grounds stated will be considered in order.

*First.* The referee had made his report, and his duties terminated under the interlocutory judgment. The fees became due when the report was delivered. In this respect the case differs from *Clapp* v. *Clapp,* 38 Hun, 540, which is therefore inapplicable here. The defendant here (plaintiff there) is clearly liable for the fees of the referee. *Hinman* v. *Hapgood,* 1 Denio, 188; *Geib* v. *Topping,* 83 N. Y. 46.

*Second.* Section 90 of the Code, prohibiting the court from appointing a clerk of the court as referee, is clearly unconstitutional, as the legislature could not divest the court of common pleas of its constitutional powers as a court. *Popfinger* v. *Yutte,* 102 N. Y. 38, 6 N. E. Rep. 259. Even if this were not so, we would infer, in order to sustain the action of the court of common pleas, which was presumably legal, that the parties consented to the appointment, as authorized by section 90, by means of which the prohibition is inapplicable. The order appointing the referee was affirmed by the general term of the court of common pleas, and that affirmation determines that there was no lawful objection to the appointment.

*Third.* The defendant, as the plaintiff in the court of common pleas action, was clearly liable for the referee's fees. He obtained a dissolution of the partnership, and an accounting. He was successful in this sense at least. The accounting was had on his application and for his benefit, and without regard to its result he reached the conclusion he sought in an accounting. He was the moving actor in the matter; and, whether the accounting turned out to his liking or otherwise, he was liable on the theory of the law laid down in *Geib* v. *Topping, supra.*

*Fourth.* We think the action was properly brought against the defendant, and that the suggestion by his counsel that the receiver should have been sued is without merit.

Under these circumstances, and according to prescribed practice, we reverse the finding for defendant, and direct judgment on the verdict in favor of the plaintiff, with costs.

McGOWN, J.   I hold with EHRLICH, C. J., in the conclusions at which he has arrived and has stated in his opinion herein, and shall only consider the second point raised by defendant's counsel herein. Section 90 of the Code of Civil Procedure provides as follows: "Sec. 90. No person holding the office of clerk * * * of a court of record * * * within either of the counties of New York or Kings shall hereafter be appointed by any court or judge * * * a referee, * * * except by the written consent of all the parties to the action, * * * other than parties in default for failure to appear or to plead." The above section merely prohibits the appointment by any court or judge of any person as referee holding the office of clerk of a court of rec-

ord. It does not expressly prohibit such person from acting as referee, and does not say that such appointment shall be void. It will be presumed that a court of competent jurisdiction acted within its jurisdiction. The presumption is always that a court or public officer acts within its or his authority, and properly discharges its and his duty until the contrary appears. *Bosworth* v. *Vanderwalker*, 53 N. Y. 599. The defendant alleges in his answer "that no written consent was given." He offered no proof, however, to sustain such allegation, and, in the absence of such proof, we must assume that the court of common pleas, in appointing the referee, acted within the scope of its authority, and not in violation of the laws. The court of common pleas had jurisdiction of the action, the subject, and the parties. It had jurisdiction to appoint a referee. It could properly appoint its clerk such referee upon the written consent of the parties appearing, and such appointment, without such consent, would be a mere irregularity, which the parties might waive. *Moore* v. *Taylor*, 40 Hun, 58. On the appeal from the interlocutory judgment entered on November 13, 1882, the appeal was taken from "the whole and every part of said judgment," including the appointment of the referee. The general term by the order of May, 1883, affirmed said judgment "in all respects," and the decision of the general term was *res adjudicata*, not only upon every question raised or adjudicated upon, but that could have been raised or adjudicated upon, on such appeal. *Jordan* v. *Van Epps*, 85 N. Y. 436; *Patrick* v. *Shaffer*, 94 N. Y. 430; *Lorillard* v. *Clyde*, 122 N. Y. 41, 25 N. E. Rep. 292. The defendant accepted the ruling of the court, attended before said referee with his counsel, without objecting to the power of the referee to act, and accepted his services, and produced his testimony. On the motion to confirm the report no objection was made as to the referee's power to act, but, on the contrary, on the motion of his (defendant's) own counsel the matter was referred back to said referee, to ascertain and to report upon other matters not embraced in the first order of reference. The referee rendered his services to the parties. The defendant herein attended before him, and accepted his services without objection, obtained the accounting asked for in his complaint through the efforts of the referee, and, from aught that appears, defendant waived therein the irregularity by acquiescing in the appointment, and by not appealing from the order of the general term of the court of common pleas. There was an implied contract on the part of the defendant to pay the referee for the services rendered what they were reasonably worth. *Geib* v. *Topping*, 83 N. Y. 46. The general term of the court of common pleas having passed upon the appointment of the referee, and being the only court authorized, in the first instance, to review the decisions of this court, we must consider their ruling binding upon us. Defendant's counsel admitted upon the trial that the services rendered by the referee were as set forth in the bill of particulars, and that, if any sum is due, the plaintiff is entitled to recover the sum of $327, with interest from June 30, 1885, amounting in all to the sum of $430.80. The verdict directed in favor of the defendant must be set aside, and judgment ordered for the plaintiff for the sum of $430.80, besides costs.

FITZSIMONS, J., (*dissenting.*) I disagree with the conclusion reached by the learned chief justice, which is concurred in by Justice McGOWN, and also the reasons which induce this conclusion. So that the points in difference between us may be readily apprehended, I shall state my views of the question raised by this appeal in the same order as they have presented theirs.

1. The referee is not entitled to recover compensation for his services until he fully performs all the duties required by the order appointing him. It appears that he failed to so perform his duties; and by order of February 8, 1888, Justice BOOKSTAVER refused to confirm his report, and sent the matter back to him to take testimony upon a question which was evidently within the

purview of the first order of reference, viz.: "To report the respective amounts which each of the partners had drawn from said business." His failure to do so in the first instance was evidently a non-compliance with, the order appointing him, and which required him "to take and state an account of all dealings and transactions between plaintiff and defendant as partners since January 10, 1881." Surely it was necessary for the court to know how much money was withdrawn from the partnership funds by each partner during the partnership, for, in the absence of such testimony, how could the court determine the rights and interests of the respective parties, and the dealings and transactions between them? Therefore, as I view the matter, the referee did not fully perform his duty as required by the first order of reference, and is not entitled to receive pay until he does so, unless it appears that the parties refused to go on with the reference, which does not appear to be so here. In that event, of course, he would be entitled to compensation for the services rendered by him.

2. Section 90 of the Code, prohibiting the appointment of a clerk of the court as referee, unless such appointment is consented to in writing, in my opinion, is constitutional. That section does not divest the court of common pleas of its right to appoint referees. The legislature, by the enactment of that section, simply prohibited that court from appointing as referees persons occupying certain public offices (named in that section.) Legislation of this character is, in my opinion, clearly constitutional, and is a part of the legislative and sovereign power of the state to maintain social order. *People* v. *Clute*, 50 N. Y. 458. I hardly think that it conduces to social order to find a clerk of a court acting as referee, and subsequently fixing his own compensation (which he does) when the parties appear before him to tax their costs, which of course include his fees. I think it was to avoid the disagreeable consequences which would sometimes follow such dual relation that caused the enactment of said section 90. The case of *Popfinger* v. *Yutte*, 102 N. Y. 38, 6 N. E. Rep. 259, upon which the learned chief justice relies, and which he claims justifies his conclusion that said section is unconstitutional, I think does not apply here, for the reason that in that case it appears that a court was by legislative enactment divested of certain of its constitutional powers. Certainly no such act is constitutional; and no such attempt was made in the enactment of section 90, as I have herein endeavored to show. I think that it is a condition precedent, and must be proved before the plaintiff herein can recover judgment, that Jarvis obtained the written consent required by section 90; that he failed to do; and on the argument of this appeal it was admitted by counsel for both parties that no such consent was obtained. It is a nice legal fiction to say "that we infer, in order to sustain the action of the court of common pleas, that the parties consented to the appointment, as required by section 90;" but it does seem to me that such a legal fiction dissolves into nothingness when the parties in open court admit that no such consent was obtained. As I view this matter, the opinion of the general term of the court of common pleas affirming the order of reference does not cover or affect the question under discussion. That opinion was simply to the effect that the order of reference was properly made, and that the action was a proper one for a reference. The precise point I am now considering was not necessary for the determination of the question then before the said general term, and was apparently not discussed, and is therefore now open. Said section 90 of the Code forbade the appointment of Mr. Jarvis, and his appointment was therefore unlawful, there being no written consent; and any services rendered by him have no money value, although the services so rendered may have been of great value to the persons for whom they were rendered, simply because rendered in violation of law. I therefore think that the finding for the defendant should be sustained, with costs of appeal.