Abbott, S.
The executor filed his account in this, proceeding, May 5, 1892. Objections thereto were filed and a reference was ordered June 27, 1892. There were several hearings before the referee, and about two hundred, pages of testimony taken.
The reference was closed and the referee prepared his. report, which was unsatisfactory to all parties, and no one would take it up. On January 11, 1893, the referee filed his report in this court, within sixty days from the final submission of the case. Nearly a year has elapsed since. *110 the filing of the report and no steps have been taken by any one towards the confirmation or modification of the same, and the fees of the referee remain wholly unpaid.
This is an application by the referee for an order taxing his fees and directing the accounting executor to pay the same as taxed.
The question whether the surrogate has power to make such an order seems to be entirely novel. Section 2546 of the Code provides that the surrogate may appoint a referee in certain special proceedings, whose power and compensation (see also § 2566) shall be the same as a referee appointed by the Supreme Court for the trial of an issue of fact in an action. The fees of a referee appointed under this section, therefore, are limited to those of a referee appointed by the Supreme Court.
It has been held that when a referee appointed by the Supreme Court is unable to collect his fees, his only remdy is by action (Geib v. Topping, 83 N. Y. 46).
It is claimed, however, that «the rule laid down in Attorney General v. Continental Life Ins. Co. (93 N. Y. 45-47), modifies the rule enunciated in Geib v. Topping, supra, and should apply to the fees of a referee on an executor’s account as well as to those of a referee on a receiver’s account, the powers and duties of both officers being quite analagous.
The same learned judge wrote the opinions in both the cases quoted above, and I think he intended to make a distinction as to the payment of the fees of a referee dependent upon the subject matter of the reference.
An ordinary action in á court of record is a controversy between individuals to adjust their private rights as between themselves. There is no fund in court to be distributed, nor any interest or jurisdiction in the matter except to determine the dispute according to the forms of law, and have judgment recorded. The successful litigant collects, if he can, the damages, costs and disbursements so awarded to him. If he cannot, it is his private *111 misfortune, as to which the court awarding judgment has no responsibility and no concern.
In an accounting proceeding in the surrogate’s court, the situation, power and duty of the court are quite different. The accounting executor is its officer over whom it has general supervision and control (Code Civ. Pro. §2472, subd. 3). It is his duty as such officer to manage, pay out and distribute the personalty according to the will of the testator, and as directed or approved by the court that, by its letters testamentary, has authorized him so to do. For the purpose of such distribution the fund is in court, and there the executor seeks the final approval of his acts, with directions as to the distribution of the funds remaining and his discharge from the responsibilities of his office. To ascertain the facts in the matter, the court appoints another as its officer, i. e., a referee, and being furnished with his report, approves or disapproves of the conduct of its accounting officer.
Such a distinction as the foregoing must have entered Judge Rapallo’s mind when he said, in Attorney General v. Continental Life Ins. Co. (supra) :
“ Ordinarily, a referee must look for his fees to the party who takes up the report, and not to the adverse party (Geib v. Topping, 83 N. Y. 46). In this case the party in whose favor the report was made, being a receiver appointed by the court, whose legal expenses are properly payable out of the fund, the court had power in the first instance to order the referee’s fees paid directly out of the fund.”
I think the analogy between a receiver and an executor or administrator is sufficiently complete to apply the rule last laid down. Both are officers of a court which holds a fund as to which both must account, and from which, before distribution, the proper charges of each must be deducted. %
An appraiser, like a referee, is appointed by the surrogate’s court to aid it in certain directions. Section 2565 *112 provides that his fees shall be taxed by the surrogate and paid by the executor or administrator. I think the same principle applies to the fees of a referee. This is not a question of a disputed claim against an executor, but simply the enforcing by the surrogate of the collection of part, of the fees of his court.
If the surrogate has the power to appoint a referee, it would seem that such power should carry with it the right to direct the compensation.
Surrogate Rollins (Matter of Kraus, 4 Dem. 217) says : l< If the referee shall see fit to file his report without exacting his fees, provisions may be made in the decree or order that may thereafter be entered in this proceeding for the payment of those fees by such of the parties hereto as. may be .found justly chargeable therefor.”
There was a stipulation between the parties entered on the minutes that the referee should be allowed a fair compensation beyond the statutory fees, but the precise rate was not fixed.' This stipulation is now repudiated. In such case the court has no power to grant more than the statutory compensation. This sort of practice, however,, was aptly characterized by Judge Gray in Griggs v. Day (135 N. Y. 469), where he says, at page 472 : “ In the present case the defendants have sought to escape upon a purely technical objection from the effect of a written stipulation, which it was their duty to recognize, and which the promptings of a moral and honorable sense should have impelled them to abide by.”
I will tax the referee’s fees at ninety-six dollars ; and he may present an order directing the executor to pay them forthwith ; and also the fees of the stenographer, amounting to one hundred and sixty dollars and ninety-five cents ; in all the sum of two hundred and fifty-six dollars and ninety-five cents.