(31 Misc. Rep. 357.)

### SOUNIER v. BARNUM.

(Supreme Court, Special Term, New York County. April, 1900.)

REFERENCE—PAYMENT OF FEES—MOTION.
  Where an order of reference expressly provides that the question of the expense of the reference shall be "left until the coming in and confirmation of said referee's report," a motion for payment of the referee's fees before the filing of his report is premature.

Action by Ernestine Sounier against Edward Barnum. Motion to compel a receiver to pay the fees of a referee. Motion denied.

David H. Hunt, for the motion.
R. J. Mahon and R. L. Sweezy, opposed.

GILDERSLEEVE, J. This motion is made by Mary A. King, who is not a party to the action, for an order directing a receiver to pay over to a referee $75 referee's fees, and $25 stenographer's fees, out of the money in his hands as such receiver. The motion is opposed

by both the plaintiff and the defendant. The decree herein provides, among other things, as follows, viz.:

"That Clifford Boesé, the receiver, state his account before George E. Morgan, who is hereby appointed referee for that purpose, and for the purpose of taking proof of any claim presented or of any contested claim presented; and said referee shall make his report to this court with reasonable speed, and the question of the costs and expenses of said reference is left until the coming in and confirmation of said referee's report."

Mary A. King presented a claim to the referee, which was contested, and the referee found in her favor.

It is urged in opposition to this motion that said Mary A. King should take up the report and pay said fees. It seems to me that this motion is somewhat premature, as the decree expressly provides that the question of the expenses of the reference shall be "left until the coming in and confirmation of said referee's report." No motion has, apparently, yet been made for the confirmation of said report; and the defendant's attorney urges that the motion be denied on that ground, while the plaintiff's attorney contends that it should be denied on its merits. I am inclined to the opinion that this motion should be denied, without costs, and with leave to renew. It is true that the referee is not bound to part with the report without payment of his legal fees. See Geib v. Topping, 83 N. Y. 48. But it is clearly for his interest to arrive at some arrangement with the parties, and permit his report to be moved for confirmation, as, in order to prevent the termination of the reference by notice, and the loss of his fees, as prescribed by section 1019 of the Code, the referee's report must be actually delivered to the attorney of one of the parties, or filed with the clerk, within 60 days from the time the matter was finally submitted, and an offer by the referee to deliver his report to the successful party on payment of his fees within the time limited is not equivalent to a delivery. See Little v. Lynch, 99 N. Y. 112, 1 N. E. 312. As stated by the court of appeals in this case:

"Upon filing the report the referee may doubtless maintain an action for his fees. The acceptance of a reference is a voluntary act, and the referee may decline the reference; but, if he accepts it, he must rely for the payment of his fees upon the interest of the prevailing party to take up the report, and, if he omits to do this, upon his common-law action to recover them, after putting himself in a position to maintain it by filing the report."

Motion denied. No costs.