CARTER v. BUILDERS' CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. MORTGAGES (§ 582*)—FORECLOSURE—REFEREE'S EXPENSES.

Expenses incurred on a sale of mortgaged premises pursuant to judgment are ordinarily paid from the proceeds of the sale, or, if the proceeds are insufficient, by the party at whose instance the sale was had; but such payment cannot be enforced by summary proceedings.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1661; Dec. Dig. § 582.*]

2. MORTGAGES (§ 582*)—FORECLOSURE—REFEREE'S FEES—EXPENSES.

A referee may require that a judgment creditor advance the necessary expenses before proceeding to a sale of mortgaged premises, and, if he does not do so, he may refuse to act; but, if he proceeds with the sale without requiring such advance, his only remedy to recover the expenses incurred is by action.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1663; Dec. Dig. § 582.*]

Appeal from Special Term, New York County.

Action by William Carter against the Builders' Construction Company and others. From an order directing plaintiff to pay certain referee's disbursements on a mortgage foreclosure, or, in default, that a commitment issue, plaintiff appeals. Reversed.

See, also, 113 N. Y. Supp. 816.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

George A. Stearns, for appellant.
S. H. Weinhandler, pro se.

McLAUGHLIN, J. This action was brought to foreclose a mortgage upon real estate. The respondent was appointed referee to sell and incurred certain expenses in advertising and selling. The purchaser at the sale refused to take title, on the ground that the notice of sale was defective. This was conceded, and the premises readvertised; but a second sale has not taken place. There are prior liens upon the property, and the referee considered it at least doubtful whether upon the resale enough would be realized to pay the expenses already incurred. He requested the plaintiff to advance this amount which he refused to do, and thereupon the referee made a motion, really for instructions, which resulted in an order staying the sale until an appeal taken in the action had been heard and determined, and directing the plaintiff to pay to the referee the expenses already incurred by him, and in default thereof that a commitment issue. The plaintiff appeals from this order.

Ordinarily the expenses incurred upon the sale of mortgaged premises pursuant to a judgment are paid from the proceeds of the sale, and it may be, if enough is not realized from the sale to pay the necessary expenses attending it, then the party at whose instance the sale is made would be liable in an action to recover the same; but such payment cannot be directed in the summary way here attempted. A

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

party cannot be compelled by order to pay the fees or expenses of a referee. Fischer v. Raab, 81 N. Y. 235; Geib v. Topping, 83 N. Y. 46; Morrow v. McMahon, 71 App. Div. 171, 75 N. Y. Supp. 534; Perkins v. Taylor, 19 Abb. Prac. 146. The referee was not obliged to act, and before he incurred any expenses he could have insisted that the judgment creditor advance the necessary amount, and, if this were not done, he could refuse to act. Not having done either, it would seem that his only remedy now is by action.

The order appealed from, therefore, is reversed, but, under the circumstances, without costs. All concur.