PETE KUSTKA, Appellant, v. BELMONT TERRACE HOLDINGS, INC., Respondent. — Order as resettled, in so far as appealed from, affirmed, with ten dollars costs and disbursements. It was within the discretion of the court at Special Term to limit the number of witnesses whose depositions were to be taken in Texas where it appeared that there was but a single issue and that the testimony of other witnesses proposed would be merely cumulative. Furthermore, the affidavit of the plaintiff was inconclusive in that it failed to show that the witnesses eliminated had any knowledge on the subject. If the plaintiff has been disappointed in the testimony given, his remedy is by making a new application for the examination of other witnesses on proper proof that such witnesses have knowledge on the question in dispute and are material witnesses on that subject. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

LAND FILLING AND IMPROVEMENT COMPANY, Respondent, v. HENRY STEERS, INC., Appellant.† — Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young and Davis, JJ., concur; Carswell and Scudder, JJ., dissent and vote for reversal on the ground that after selling all the fill to defendant the plaintiff removed or permitted to be removed a substantial portion of the fill and thereby breached the contract and became unable on its part to perform. It, therefore, cannot recover for the breach of defendant.

LANNIN HOTEL COMPANY, INC., Respondent, v. CURT KORNBLUM and HARRY BAUMRITTER, Defendants, and MAX FRINDEL, Appellant; CONCORD CASUALTY AND SURETY COMPANY OF NEW YORK, Surety, Respondent; H. BROADMAN EPSTEIN, Referee, Respondent. — Order granting referee's motion requiring defendant Max Frindel to pay the fees of the referee and the stenographer on the reference in this action, which were made part of the damages of said Max Frindel on said reference, reversed upon the law and the facts, without costs, and motion denied, without costs. There being no fund before the court out of which such fees might be paid by a summary order in the discretion of the court, the only way in which the referee and the stenographer may enforce their claims against Frindel (who has upon this record received the moneys due to these two individuals) is by way of an action. (Geib v. Topping, 83 N. Y. 46; Matter of Dunn, 164 App. Div. 134; Kelly v. Myrick, 205 id. 637.) Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.