Cohn, J.
This action was brought by appellant for the dissolution of a partnership existing between himself and the defendant. Respondent, Joseph J. Cella, was appointed by the court as referee to take and state the account between the parties. During the course of the reference, the appellant and the defendant settled their differences and the reference came to an end.
Thereafter respondent made a motion in the action for an allowance for services rendered as referee. The order1 granting the application directed appellant to pay to respondent his compensation, which was fixed in the sum of $975, and further directed appellant to pay $15 for unpaid stenographer’s fees.
Appellant failed to comply with the provisions of the order, asserting that the court had no power summarily to direct him to make such payment. Respondent then moved the court for an order directing entry of judgment against appellant for the total amount which appellant had been instructed to pay. The order was granted and appellant now appeals from this order and the judgment entered thereon.
It appears that the appellant served upon respondent a notice of appeal from the first-mentioned order which directed appellant to make the payments. Because that appeal has not yet been finally prosecuted, respondent asserts that that underlying order remains the law of this case, unimpeachable by the appeal now before us.
*459 We think, however, that there is sufficient in the record to have warranted a denial of the motion for judgment. It is clearly shown, first, that there was no fund before the court out of which the referee’s and the stenographer’s fees could be paid and, second, that the order directing the payment by appellant was made on a summary application by a person not a party to the action.
From these undisputed facts it is evident that the court had no power to make the first order which directed appellant to make the payments. Where there is no fund before the court, an order cannot be granted on the summary application made by a person not a party to the action to pay him a sum of money for services rendered in the action. (Attorney-General v. Continental Life Ins. Co., 93 N. Y. 45, 47; Geib v. Topping, 83 N. Y. 46; Lannin Hotel Co., Inc., v. Kornblum, 234 App. Div. 713; Matter of Katz, 269 App. Div. 778.)
The only remedy available to respondent to recover for his services is by a plenary action against the parties to the reference. If, as it is claimed here, appellant upon adjustment of the differences between the parties had agreed with the referee to pay his fees, a failure on appellant’s part to comply would give the referee the right to bring an action against appellant for the recovery thereof. In Geib v. Topping (supra) the court stated the pertinent law as follows (p. 47):“ We are of opinion that the court below had no power to make the order requiring the plaintiff to pay the referee’s fees and take up the report. We find no authority holding that, on a summary application made by a person not a party to the action, the court can order one of the parties to pay him a sum of money for services rendered in the action. * * * Beferees are not bound to serve, but act voluntarily, and their rights are to be enforced according to the principles of the law of contracts.” (See, also, Little v. Lynch, 99 N. Y. 112; Matter of Dunn, 164 App. Div. 134, 138.)
As it affirmatively appears that the Special Term had no power to make the underlying order, there was no basis for the order appealed from or for the entry of a judgment thereon. The order and the judgment entered thereon should be reversed, with costs to the appellant, and the motion denied.
Martin, P. J., Townley, Glennon and Dore, JJ., concur.
Judgment and order unanimously reversed, with costs to the appellant, and the motion for an order directing the entry of judgment denied.