ROBERT F. LITTLE, as Receiver, etc., Appellant, *v.* THERESA LYNCH, Respondent.

To prevent the termination of a reference by notice, as prescribed by the Code of Civil Procedure (§ 1019), the report must be actually delivered to the attorney of one of the parties, or filed with the clerk " within sixty days from the time the cause was finally submitted."

An offer by a referee to deliver his report to the successful party, on payment of his fees, within the time limited, is not equivalent to a delivery. *Geib* v. *Topping* (83 N. Y. 46), limited.

(Argued April 14, 1885 ; decided April 28, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 10, 1885, which reversed an order vacating a judgment entered upon the report of a referee, and directing that the report be taken from the files of the clerk.

The ground of the motion was that the reference had been terminated by notice as prescribed by the Code of Civil Procedure (§ 1019) before the delivery or filing of the report.

It appeared by the papers that the cause was finally submitted to the referee April 26, 1882. The referee made his report thereon in May, 1882, in favor of defendant, and offered to deliver it to defendant's attorney upon payment of his fees. On June 28, 1882, plaintiff's attorney served notice that plaintiff elected to terminate the reference. The report was not delivered or filed until after that time.

*W. T. B. Milliken* for appellant. If the paper dated May 18, 1882, signed by the referee, should be regarded as a complete and sufficient report, and as ready for delivery and duly tendered within time, yet there being no actual delivery to the attorney of either party, the operation of the notice to terminate the reference was not thereby prevented. (Code, § 1019 ; *Waters* v. *Shepherd*, 14 Hun, 223 ; *Phillips* v. *Carman*, 23 id. 150 ; 84 N. Y. 550 ; *Geib* v. *Topping*, 83 id. 46 ; *Thorn-*

*ton* v. *Thornton*, 66 How. 119 ; *Quackenbush* v. *Johnson*, 55 id. 94.) After notice to terminate the jurisdiction of the referee ceased, and the order referring the cause, and all subsequent proceedings are a nullity the same as though not existing, and the court has no power to render them valid. The action must proceed as though no reference had been ordered, and the court has no power in any way to prevent the action from so proceeding. (*Gregory* v. *Cryder*, 10 Abb. [N. S.] 289.)

*Abram Kling* for respondent. The court at Special Term erred in vacating the judgment as entered in this action, on the ground that the reference was terminated. (Code of Pro., § 273 ; *Waters* v. *Shepherd*, 14 Hun, 223 ; *Cornelius* v. *Barton*, 12 Weekly Dig. 216 ; *Geib* v. *Topping*, 83 N. Y. 46 ; *Quackenboss* v. *Johnson*, 55 How. 94.) By section 1019 of the Code of Civil Procedure a referee may deliver his report in the same manner as provided under the old Code, and an offer to deliver upon payment of his fees has been construed to be a sufficient delivery to prevent the statute from operating as a forfeiture of his fees and a termination of the reference. (*Cornelius* v. *Barton*, 12 Weekly Dig. 216 ; *Gieb* v. *Topping*, 83 N. Y. 46 ; *Quackenboss* v. *Johnson*, 55 How. 94 ; *Thornton* v. *Thornton*, 66 id. 119.)

*Per Curiam.* It was decided in *Phipps* v. *Carman* (84 N. Y. 650) that the requirement of section 1019 of the Code of Civil Procedure, that a referee's report "must be either filed with the clerk, or delivered to the attorney, for one of the parties, within sixty days from the time when the cause was finally submitted," must be literally complied with to prevent a termination of the reference by notice as prescribed in that section. The court in that case affirmed an order of the General Term, which affirmed an order of the Special Term vacating a judgment entered upon a report of a referee delivered after service of notice terminating the reference under that section, notwithstanding it appeared that the referee completed his report within the sixty days, and gave written notice

to the attorney for the prevailing party that it was ready to be delivered upon payment of his fees. The decision in that case is decisive of this, which arises upon similar facts. It necessarily determined that under section 1019, a tender of the report within the time limited was not a delivery within that section. A referee is not bound to deliver his report without payment of his fees. The interest of the prevailing party will generally secure the taking up of the report. But if he fails to do so, the referee must then file it in order to prevent a termination of the reference by notice under the statute. Upon filing the report the referee may doubtless maintain an action for his fees. The acceptance of a reference is a voluntary act, and the referee may decline the reference, but if he accepts it he must rely for the payment of his fees upon the interest of the prevailing party to take up the report, and if he omits to do this, upon his common-law action to recover them, after putting himself in a position to maintain it by filing the report. This question was not decided in *Geib* v. *Topping* (83 N. Y. 46), and the allusion in the opinion in that case to this subject was casual, and the point decided is not in conflict with *Phipps* v. *Carman* (*supra*).

The order of the General Term should be reversed, and that of the Special Term affirmed.

All concur.

Ordered accordingly.