## THOMAS P. DWYER, RESPONDENT, *v.* ORRIN C. HOFFMAN, APPELLANT.

*Practice — failure of a referee to deliver or file his report within sixty days — a delay of the successful party to take it up, when induced by representations as to a settlement made by the unsuccessful party, does not justify the vacating of an order of reference.*

Within sixty days from the time of the submission of this case to the referee, and on February 24, 1885, he notified the parties that he had made a report in favor of the plaintiff and held the same ready for delivery. To accommodate the defendant, and substantially at his request and by reason of propositions looking towards a settlement of the litigation made by him, the plaintiff failed to take up the report within the sixty days.

*Held,* that a motion by the defendant to vacate and set aside the order of reference because of the non-delivery or filing of the referee's report within the time fixed by the statute was properly denied.

APPEAL from an order, denying the defendant's motion to vacate and set aside an order of reference on the ground that the referee's report was neither delivered nor filed within the statutory limit of sixty days.

This action was brought against the defendant to recover damages for the conversion of a certain certificate of mining stock. The issues were referred in July, 1883, to Wm. J. Kane, Esq., as referee to hear and determine.

The issues were finally submitted to the referee January fifteenth and decided February 24, 1885. It was claimed by the plaintiff

that at the request of defendant and his attorney, he delayed and forbore further action and to take up the referee's report, pending negotiations for and promises of settlement, until after the limit of sixty days had expired. On July thirtieth the defendant's attorney served on the plaintiff's attorney notice electing to determine the reference, and thereafter made the motion above mentioned.

The following opinion was delivered at the Special Term by BARRETT, J.: "It is quite evident that this case does not come within the spirit of the statute with respect to the time within which a referee must deliver or file his report. There is a conflict of facts in the affidavits, but I am satisfied that the plaintiff's attorney was misled, and that the delay in taking up the report was really to accommodate the defendant and substantially at his request and for his purposes. To deprive the plaintiff of the benefit of the entire litigation, merely because he good naturedly gave defendant time to arrange some kind of a settlement, would be not only an injustice, but, in my judgment, a very narrow strained and technical view of a statute which was simply intended to compel prompt and industrious attention to the case upon the referee's part. The motion should be denied upon the plaintiff taking up the report, or upon the referee filing it within five days."

*Samuel H. Randall*, for the appellant.

*Montague L. Marks*, for the respondent.

BRADY, J.:

The learned judge in the court below denied the motion, although the sixty days allowed by section 1019 had expired, upon the ground that the delay was caused by the defendant's propositions and attempts to accomplish a settlement, and it would be unjust to allow him to take advantage of his own acts; that such a state of facts withdrew the omission to take up or file the report from the operation of the statute. The case presented was not within its spirit. This view was a very just one and should be carried out notwithstanding the record shows a conflict upon the question as to the cause of the delay, as suggested in the opinion of BARRETT, J. The facts make the controversy analogous to that of *Ballou* v. *Parsons* (55 N. Y., 673), in which an oral agreement before the referee

to extend the time to make the report indefinitely was held to protect the validity and efficacy of the report though not filed in sixty days as required by section 273 of the Code of Procedure, which is similar to section 1019 of the Code of Civil Procedure. It would be unfair where the delay is occasioned by the unsuccessful party and for his benefit to permit him to avail himself of an advantage thus gained and his acts should be declared in effect a consent for the enlargement of the time within which the report should be made.

In *Little* v. *Lynch* (99 N. Y., 112) there were no facts such as are here presented. Indeed the only incident relied upon was that the report was ready and had been offered to the attorney.

I think the order should be affirmed, with ten dollars costs and disbursements.

DANIELS, J., concurred.

Present — BRADY and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements.