CLARK R. GRIGGS, Appellant, *v.* MELVILLE C. DAY et al., Respondents.

A stipulation of the parties on trial before a referee, that the referee may charge such fees for his services as he deems proper, is invalid and may not be enforced, as it does not specifically fix a different rate of compensation from that prescribed by the Code of Civil Procedure (§ 3296), but leaves the amount thereof open and indefinite; and so does not change the statutory rate in the only manner authorized by the Code.

A stipulation fixing a different rate from that prescribed made verbally at the commencement of the trial, and afterwards reduced to writing, a sufficient compliance with the requirement that to change the rate there must be a consent of the parties "at or before the commencement of the trial."

(Argued October 3, 1892; decided October 11, 1892.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made May 2, 1892, which affirmed an order of the Special Term denying a motion to retax costs.

The facts, so far as material, are stated in the opinion.

*Calvin Frost* for appellant. The General Term erred in affirming the order of the Special Term approving the rejection by the clerk of the item in question upon the taxation of the plaintiff's costs. (*Chase* v. *James*, 16 Hun, 14; *F. N. Bank* v. *Tamajo*, 17 id. 240; 77 N. Y. 476; *Mark* v. *City of Buffalo*, 87 id. 184; Code Civ. Pro. § 3296.) The stipulation in the case at bar is sufficient in law. The item of $7,500 paid to the referee by the plaintiff in reliance thereon should have been taxed by the clerk, and the court below erred in affirming the rejection of this item by the clerk. (*F. N. Bank* v. *Tamajo*, 17 Hun, 240; 77 N. Y. 476; *Keator* v. *U. & D. P. R. Co.*, 7 How. Pr. 42, 43; *Mark* v. *City of Buffalo*, 87 N. Y. 184.) The Supreme Court having previously decided that just such a stipulation, made under precisely similar circumstances, was valid, this one must be so ·held, whether this court shall consider such decision sound or unsound. (*Douglas* v. *County of Pike*, 101 U. S. 687; *O. L. I. & T. Co.* v. *Debolt*, 16 How. [U. S.] 432; *Gelpcke* v. *City of Dubuque*, 1 Wall. 206; *Olcott* v. *Bd. Suprs.*, 16 id. 690.) The question presented by this appeal is purely one of law, and not at all one of fact. In such case the court should itself allow the disputed item, and should not send the matter back to the clerk. (*Crosley* v. *Cobb*, 37 Hun, 271.)

*William R. Bronk* for respondent. The referee's fees were not taxable for the reason that the stipulation in regard thereto was not made " at or before the commencement of the trial." (Code Civ. Pro. § 3296; *Chase* v. *James*, 16 Hun, 14; *Greenwood* v. *Marvin*, 29 id. 99.) The referee's fees were not taxable for the reason that no different rate from that allowed by law was fixed by the stipulation. (Code Civ. Pro.

§ 3296; *Chase* v. *James*, 16 Hun, 14; *F. N. Bank* v. *Tamajo*, 77 N. Y. 476; *Mark* v. *City of Buffalo*, 87 id. 184; *In re Gilman* 12 Civ. Pro. Rep. 179; *In re Shaw*, 18 Hun, 195.)

GRAY, J.   When the issues in this action came on for trial before the referee, the parties consented to waive the statutory provisions as to his fees; which consent was subsequently reduced to writing, as follows: "That the referee shall not be limited to the statutory fee of six dollars per day for his services in this case, but may charge such fees therefor as he deems proper." The plaintiff paid to the referee, upon taking up his report, the sum of $7,500, fixed by him as his charge; but, upon the taxation of costs, objection being made by the defendant to its allowance, the clerk disallowed the item. The court below has felt bound by authority to sustain the clerk's ruling, and we are constrained to affirm the order. It does not appear that the referee's fees were unwarrantable, upon any ground connected with the litigation. We are permitted to assume that they constituted a fair compensation for the services rendered, the objection to them being rested upon the sole grounds that the stipulation was not made "at or before the commencement of the trial," and that "the rate of compensation" was not fixed by the stipulation.

The first ground of objection we regard as frivolous. If parties agree, as they did agree here, in the commencement, to waive the statutory provisions, and, subsequently, during the trial the agreement is entered upon the referee's minutes, or otherwise reduced to writing, the waiver is sufficient in such respects.

The second ground of objection, however, is within a decision of this court, in the case of *First National Bank* v. *Tamajo* (77 N. Y. 476), and must be sustained. It is true that that decision was upon the provision in the former Code, and, also, that the precise point raised by that appeal was the sufficiency of an oral agreement to take the question of the referee's charges out of the statute. But the present Code provision (§ 3296) equally requires the "rate of compensation" to be

"fixed by the consent of the parties;" and, with respect to the construction to be attached to the whole section, the opinion in the *Tamajo* case was too comprehensive and deliberate to be now disregarded. It undoubtedly was the intention of the learned judge, in delivering the opinion of the court, to carefully lay down a rule to be followed in all cases, and, hence, he considered the subject in the light of the language made use of in the Code and of the general policy of the law. He held that an agreement in writing which did not fix any rate of compensation, but left it to the referee to make, was not fixing the prescribed rate of compensation in the mode specified by the Code, and he reasoned that such an agreement was contrary to the general rule that costs should "not depend as to amount upon the discretion of any court or officer." In the present case, the defendants have sought to escape upon a purely technical objection from the effect of a written stipulation, which it was their duty to recognize, and which the promptings of a moral and an honorable sense should have impelled them to abide by. To hold them, however, to the stipulation, would compel us to run counter to the previous decision of the court, and as stability of decision is rather to be preferred, as a rule in the administration of justice, we should not, for an occasional instance of hardship in the application of the established rule, be moved to swerve from it.

The order should be affirmed.

All concur.

Order affirmed.