### BISHOP v. BISHOP.

(Superior Court of New York City, Special Term. July 14, 1893.)

1. ATTORNEY AT LAW—ESTOPPEL TO DENY AUTHORITY.

The attorney retained by plaintiff having failed to appear before the referee because of illness, one P. appeared for plaintiff, which fact was noted on the referee's minutes, but no formal order of substitution was made. P. acted as plaintiff's attorney until the close of the reference, and was recognized as such by the referee. *Held*, that the referee could not afterwards object that P. was not plaintiff's attorney, on whom notice to end the reference might be served, as provided by Code Civil Proc. § 1019.

2. REFERENCE—DELIVERY OF REPORT—FEES OF REFEREE.

A notice by the referee to a party that his report is ready, and an offer to deliver it to such party, on payment of the referee's fees, is not a delivery, within Code Civil Proc. § 1019, providing that the report must be filed with the clerk or delivered to the attorney for one of the parties within a certain time, and that, if this is not done, either party may on notice end the reference, and the referee will not be entitled to any fees.

3. SAME—EFFECT OF STIPULATION.

A stipulation between the parties at the commencement of a reference that each shall pay half of the referees' fees will not entitle the referee to any fees, unless he complies with the requirement as to filing or delivering the report.

Action by Eleanor F. Bishop against Mabel C. K. T. Bishop. A dispute having arisen between plaintiff and her attorney, the matter was referred. The referee decided the dispute against the attorney, and now moves to compel him to pay the referee's fees. Denied.

James Ridgway, for the motion.
Samuel H. Randall, opposed.

GILDERSLEEVE, J. Samuel H. Randall was attorney for the plaintiff, Mrs. Bishop, in the above-entitled action. He had a

dispute with his client, and she made a motion to substitute another attorney in his place, and to compel him to pay over certain moneys, which he claimed and retained as his fees. The matter was referred to James Ridgway to take proof and report. The plaintiff retained Mr. Hector M. Hitchings as her attorney on the reference, and said Randall appeared for himself. From the minutes taken by the referee it appears that said Hitchings, who acted for the plaintiff on the reference, was taken sick with typhoid fever, and was unable to appear before the referee and represent Mrs. Bishop therein, whereupon a Mr. Patterson appeared for plaintiff on the reference, and an entry was made upon the minutes of his appearance as attorney for Mrs. Bishop in the proceedings before the referee, in the place of Mr. Hitchings, although no formal order of substitution was entered. Mr. Patterson appears to have continued to act as attorney for Mrs. Bishop in the reference proceedings until the close of the reference, and to have been recognized both by the referee and said Randall as Mrs. Bishop's attorney therein. The case was finally submitted, and the referee made and signed his report in Mrs. Bishop's favor, and thereupon notified Mrs. Bishop to pay his fees and take up the report. Mrs. Bishop replied that she would do so, but at that time was too poor to pay his fees, and the report was not delivered. After the expiration of 60 days from the time the case was finally submitted, the referee, being unable to collect his fees from Mrs. Bishop, applied to the said Randall for payment of the same, and filed his report with the clerk of this court. But, before the report had been filed, and after the expiration of the 60 days from the time the cause was finally submitted, the said Randall served notice of his election, under section 1019 of the Code, to end the reference, upon the referee and upon said Patterson, as the attorney for Mrs. Bishop, the opposing party on the reference. The referee claims that said Randall did not comply with the requirements of the statute, inasmuch as he served his notice on said Patterson, as Mrs. Bishop's attorney, instead of serving it upon Mr. Hitchings, who, the referee claims, is the real attorney for Mrs. Bishop, as no order substituting Mr. Patterson has ever been entered. The statute (section 1019 of the Code) provides that the referee's report must be filed with the clerk or delivered to the attorney for one of the parties within 60 days from the time when the case or matter is finally submitted, otherwise either party may, before it is filed or delivered, serve a notice upon the attorney of the adverse party that he elects to end the reference; and in such case the action must thenceforth proceed as if the reference had not been directed, and the referee is not entitled to any fees.

I do not think the referee's contention can be sustained. There is nothing in the papers now before me to indicate that Hitchings was ever able, after his illness, to perform the functions of attorney for Mrs. Bishop on the reference; and, indeed, for aught that appears to the contrary, the disease from which he was suffering may have caused his death. Certainly, the reasonable in-

ference is that his incapacity to act as attorney for Mrs. Bishop continued, for the fact is that from the time Patterson assumed the duties of attorney he continued to discharge them to the end. Mrs. Bishop having employed Patterson, or, at the least, having accepted his services, and the referee having recognized Patterson as her attorney, neither Mrs. Bishop nor the referee can now take advantage of any irregularity in the method or means by which Patterson assumed the functions of attorney. The service of the notice upon Patterson was a substantial compliance with the requirements of the statute.

The referee claims that the notice to Mrs. Bishop that his report was ready, and his offer to deliver the report to her upon payment of his fees, was substantially a delivery of the report. I cannot concur in this opinion, for, in order to prevent the termination of a reference by notice, as prescribed by section 1019 of the Code, the report must be actually delivered to the attorney of one of the parties or filed with the clerk within 60 days from the time the cause was finally submitted; and an offer by a referee to deliver his report to the successful party, on payment of his fees, within the time limited, is not equivalent to a delivery. If a referee accepts a reference, he must rely for the payment of his fees upon the interest of the prevailing party to take up the report, and, if the prevailing party omits to do this, upon his common-law action to recover them, after putting himself in a position to maintain it by filing the report. Little v. Lynch, 99 N. Y. 112, 1 N. E. Rep. 312.

Another point urged by the referee is that a stipulation was entered into, at the commencement of the reference, by which Mrs. Bishop and said Randall each agreed to pay one-half of the referee's fees as they went along, and that a portion of the fees was so paid. I am of opinion, however, that, by his failure to either file or deliver his report within the 60 days, the referee has, under the provisions of section 1019 of the Code, forfeited his right to avail himself of the stipulation to which he refers. He should have filed his report within the 60 days, and relied upon his common-law action to recover his fees, (Little v. Lynch, supra,) when he perceived that Mrs. Bishop was not likely to take up the report and pay his fees. The motion to compel Randall to pay the referee's fees must be denied, without costs.