## BISHOP *v.* BISHOP.

*N. Y. Superior Court ; Special Term, July,* 1893.

1. *Service (and proof of) ; on attorney.*] It cannot be objected by either the referee or the party for whom an attorney, without formal substitution, appeared and took sole charge upon the reference, owing to the sickness of the attorney of record of such party,—that the service of a notice of election to end the reference, because of the referee's failure to file his report, upon the attorney so appearing, is not sufficient because of the irregularity in the manner in which such attorney assumed his functions.

2. *Reference ; the report.*] In order to prevent the termination of a reference by notice as prescribed by Code Civ. Pro. § 1019, the referee's report must be actually delivered to the attorney of one of the parties, or filed with the clerk within sixty days from the time when the cause is actually submitted ; an offer by the referee within the time limited to deliver his report to the successful party on payment of fees is not equivalent to a delivery.

3. *The same ; referee's compensation.*] Where a reference is terminated by reason of the referee's failure to file or deliver his report within sixty days, as prescribed by Code Civ. Pro. § 1019,

Bishop *v.* Bishop.

the referee forfeits his right to avail himself of a stipulation as to his fees entered into at the commencement of the reference. *So held,* although the referee offered within the time limited to deliver his report on the payment of his fees.

4. *The same.*] A referee cannot by motion compel the successful party to pay his fees; his remedy is by action.

Motion to compel the payment of referee's fees.

Eleanor F. Bishop brought an action against Mabel C. K. T. Bishop. Samuel H. Randall was attorney for the plaintiff, Mrs. Bishop. He had a dispute with his client, and she made a motion to substitute another attorney in his place, and to compel him to pay over certain moneys, which he claimed and retained as his fees. The matter was referred to James Ridgway to take proof and report. The plaintiff retained Mr. Hector M. Hitchings as her attorney on the reference, and said Randall appeared for himself. From the minutes taken by the referee it appears that said Hitchings, who acted for the plaintiff on the reference, was taken sick with typhoid fever, and was unable to appear before the referee and represent Mrs. Bishop therein ; whereupon a Mr. Patterson appeared for plaintiff on the reference, and an entry was made upon the minutes of his appearance as attorney for Mrs. Bishop in the proceedings before the referee, in the place of Mr. Hitchings, although no formal order of substitution was entered. Mr. Patterson appears to have continued to act as attorney for Mrs. Bishop in the reference proceedings until the close of the reference, and to have been recognized both by the referee and said Randall as Mrs. Bishop's attorney therein. The case was finally submitted, and the referee made and signed his report in Mrs. Bishop's favor, and thereupon notified Mrs. Bishop to pay his fees and take up the report. Mrs. Bishop replied that she would do so, but at that time was too poor to pay his fees, and the report was not delivered. After the expiration of sixty days from the time the case was finally submitted, the referee, being unable to collect his fees from Mrs. Bishop, applied

to the said Randall for payment of the same, and filed his
report with the clerk of this court.   But, before the report
had been filed, and after the expiration of the sixty days
from the time the cause was finally submitted, the said
Randall served notice of his election, under section 1019
of the Code, to end the reference, upon the referee, and
upon said Patterson as the attorney for Mrs. Bishop, the
opposing party on the reference.

*James Ridgway*, for the motion.

*Samuel H. Randall*, opposed.

GILDERSLEEVE, J. [after stating the facts]—The ref-
eree claims that said Randall did not comply with the
requirements of the statute, inasmuch as he served his
notice on said Patterson, as Mrs. Bishop's attorney, instead
of serving it upon Mr. Hitchings, who, the referee claims, is
the real attorney for Mrs. Bishop, as no order substituting
Mr. Patterson has ever been entered.   The statute (sec-
tion 1019 of the Code) provides that the referee's report
must be filed with the clerk, or delivered to the attorney for
one of the parties, within sixty days from the time when
the case or matter is finally submitted ; otherwise either
party may, before it is filed or delivered, serve a notice
upon the attorney of the adverse party that he elects to end
the reference ; and in such case the action must thence-
forth proceed as if the reference had not been directed ;
and the referee is not entitled to any fees.   I do not think
the referee's contention can be sustained.   There is nothing
in the papers now before me to indicate that Hitchings
was ever able, after his illness, to perform the functions of
attorney for Mrs. Bishop on the reference ; and, indeed
for aught that appears to the contrary, the disease from
which he was suffering may have caused his death.   Cer-
tainly, the reasonable inference is that his incapacity to
act as attorney for Mrs. Bishop continued, for the fact is

Bishop *v*. Bishop.

that from the time Patterson assumed the duties of attorney he continued to discharge them to the end. Mrs. Bishop having employed Patterson, or, at the least, having accepted his services, and the referee having recognized Patterson as her attorney, neither Mrs. Bishop nor the referee can now take advantage of any irregularity in the method or means by which Patterson assumed the functions of attorney. The service of the notice upon Patterson was a substantial compliance with the requirements of the statute.

The referee claims that the notice to Mrs. Bishop that his report was ready and his offer to deliver the report to her upon payment of his fees, was substantially a delivery of the report. I cannot concur in this opinion; for, in order to prevent the termination of a reference by notice, as prescribed by section 1019 of the Code, the report must be actually delivered to the attorney of one of the parties, or filed with the clerk, within sixty days from the time the cause was finally submitted; and an offer by a referee to deliver his report to the successful party, on payment of his fees, within the time limited, is not equivalent to a delivery. If a referee accepts a reference he must rely for the payment of his fees upon the interest of the prevailing party to take up the report, and if the prevailing party omits to do this, upon his common law action to recover them, after putting himself in a position to maintain it by filing the report (Little *v*. Lynch, 99 *N. Y.* 112).

Another point urged by the referee is that a stipulation was entered into, at the commencement of the reference, by which Mrs. Bishop and said Randall each agreed to pay one-half of the referee's fees as they went along, and that a portion of the fees was so paid. I am of opinion, however, that by his failure to either file or deliver his report within the sixty days, the referee has, under the provisions of section 1019 of the Code, forfeited his right to avail himself of the stipulation to which he refers. He should have filed his report within the sixty days, and relied upon

his common law action to recover his fees (Little *v.* Lynch, *supra*), when he perceived that Mrs. Bishop was not likely to take up the report and pay his fees.

The motion to compel Randall to pay the referee's fees must be denied, without costs.