(24 Misc. Rep. 368.)

BUSH v. COLER et al.

PEOPLE ex rel. NEW YORK & W. WATER CO. v. SAME.

(Supreme Court, Special Term, New York County. July, 1898.)

1. CORPORATION COUNSEL—POWER TO MAKE OFFER TO ALLOW JUDGMENT.

The corporation counsel of the city of New York has authority to make an offer to allow judgment for a certain sum, according to the regular practice, under section 255 of the charter, providing that he shall have

charge of all the law business of the corporation and its departments and boards, and of all law business in which the city is interested, and that he shall be the legal adviser of all departments and officers, who are forbidden to employ any other attorney.

2. SAME.

The duty of the comptroller of the city of New York to "settle and adjust all claims" against the city does not deprive the corporation counsel of the city of the power to compromise a claim sued on by an offer of judgment.

Action by Irving T. Bush against Bird S. Coler, as comptroller of the city of New York, and others, to restrain payment or collection of a judgment against the city.    Motion for injunction.    Denied.

Motion by the people, on relation of the New York & Westchester Water Company, against Bird S. Coler, as comptroller of the city of New York, for a mandamus to enforce payment by the comptroller of said judgment.    Granted.

John Whalen, Corp. Counsel (Charles Blandy, of counsel), for Bird S. Coler and city of New York.

Moses R. Crow, for New York & W. Water Co.

Franklin Bien, for relator.

Frederic R. Kellogg, amicus curiæ, in opposition.

PRYOR, J.    In an action against the city, the corporation counsel, deeming a defense impossible, made an offer of judgment for less than half the claim, upon which being accepted the judgment in controversy was entered.    The contention of the comptroller is that, without his concurrence, an offer of judgment is not within the competence of the corporation counsel.    It is a cardinal principle of the American commonwealth that public officers act by a delegated authority; and I am to determine from the provisions of the city charter whether it confers the power in question upon the corporation counsel.    It is not pretended that the power is imparted in exact terms, but it may be comprehended as a unit in the sum of authority communicated.    Concession of the whole is necessarily a concession of every part.    By section 255 of the charter it is provided that "the corporation counsel shall have charge and conduct of all the law business of the corporation and its departments and boards and of all law business in which the city of New York is interested."    He is to be the legal adviser of all departments and officers, who are forbidden to employ any other attorney or counsel.    An offer of judgment is a recognized and regular step in the progress of a lawsuit (Code, § 738), and, as the paper shows, authority to make such offer is essential to save the city from enormous expense in futile defenses. Since, then, the exclusive control of the litigation of the city is devolved upon the corporation counsel, it must be that each and every incident of a litigation is subject to his discretion.    To the objection that the attorney of a private litigant may not, without special authority, make an offer of judgment, the answer is that the analogy of such case to that of the corporation counsel is too imperfect to warrant a deduction from the one to the other.    The one is employed to prosecute or defend a particular action; the other is to have the care and conduct of the law business of the city.    The one has a client from whom

he may receive instructions; the other has no personal client, but, by the terms of his retainer, is himself to determine the disposition of the city litigations. If he wants advice, of whom is he to seek it? The charter says, of the corporation counsel. Indisputably, an offer of judgment is available by the city, and since as a corporate entity it cannot subscribe the offer, it must be made by its attorney, the corporation counsel. Code, § 740. Whether there be a defense to an action, and whether the evidence suffices to establish it, are clearly questions of law, and as such are within the province of the corporation counsel to determine. If he concludes that no defense exists, who is to gainsay him? Certainly, not the comptroller; because—First, not he, but the city, is the client; secondly, he is a layman, and so incapable of solving a professional problem; and, thirdly, by the charter he is to take the law from the corporation counsel, and not the corporation counsel from him. Again, if the corporation counsel concludes that no defense to the action exists, he may certainly suffer default, for he is not to fabricate a false defense; that is, he may do, at the expense to the city of interest and costs, what it is contended he may not do to escape such expense. If the comptroller may supervise and direct the course of litigation, if he may command what causes shall be contested in the courts, then he, and not the corporation counsel, has "the care and conduct of the law business" of the city. The charter conveys no intimation of a right on the part of the comptroller to interfere with the corporation counsel in the care and conduct of the law business of the city. It is argued, however, that the duty of the comptroller to "settle and adjust all claims" against the city deprives the corporation counsel of power to compromise a claim by an offer of judgment. But this right of the comptroller to settle and adjust prevails only when claims are before him for settlement and adjustment, and not after they have passed within the jurisdiction of the corporation counsel. By the scheme of the charter, claims, in the first instance, are presented to the comptroller for settlement and adjustment, and to effect such settlement and adjustment he is authorized to institute investigations and to take testimony. If, in the result, his determination be satisfactory to the parties, the inquiry ends, and the matter never reaches the corporation counsel. If, on the other hand, the decision of the comptroller be not satisfactory to the parties, it is not conclusive upon them, but they are remitted to the courts for the vindication of their rights. When the comptroller has acted either in the rejection or the adjustment of a claim, he has exhausted his power. By the institution of an action on the claim the controversy passes beyond his province, becomes "law business" of the city, and thenceforth is within the exclusive "care and conduct" of the corporation counsel. Thus these two departments of the municipal government—the finance and the law departments—have their separate and appropriate spheres; the one to settle and adjust claims in advance of litigation, the other to protect the interests of the city when litigation ensues. The two sets of duties are distinct and independent, and require for their discharge different and peculiar qualifications. Neither department, manifestly, can invade the province of the other without transcending the limita-

tions of the charter, nor without that clash and collision of which the present altercation is an aggravated instance. It is said, however, that the compromise of a claim in litigation is beyond the power of the corporation counsel, because by the present charter he is required to "maintain, defend, and establish" the rights and interests of the city. But, to concede a just claim against the city is no sacrifice of its rights or interests, and that is all the corporation counsel did in his offer of judgment. Having no defense to half of the claim in action, he tendered judgment for the amount due, upon the condition of a renunciation of the excess by the plaintiff. Had he accumulated expense against the city by a fruitless litigation, he would have betrayed its interests. If nothing be due from the city, then to buy peace by the partial concession of an invalid claim would be a surrender of its rights and interests; but that is not the present case. For years it has been the usage of the corporation counsel to offer judgment upon claims to which there was no defense, and, had it been the intention of the legislature to suppress the practice, we may be sure it would have been condemned by more explicit language than is found in the present charter. Suggestion is made that it would be of public advantage to associate the comptroller with the corporation counsel in the compromise of litigations; and upon a proposition to amend the law the argument might not be irrelevant. And yet, it is to be questioned whether a divided responsibility be conducive either to an honest or an efficient administration. Authority to compromise a claim against the city is liable, undoubtedly, to great abuse; and, in its exercise by a careless or corrupt official, might inflict severe loss upon the community. But all power is susceptible of prostitution, and the most that can be done to intercept the evil is by the selection of competent and faithful functionaries, and by the condign punishment of delinquents. These safeguards against an incapable or dishonest corporation counsel the law abundantly provides. As the judgment is valid and obligatory, mandamus must issue for its enforcement. As it is neither illegal nor fraudulent, the taxpayer's action may not be maintained, and the injunction must be denied.

Ordered accordingly.