(Supreme Court, Special Term, New York County.    February 21, 1899.

1. COMPENSATION OF REFEREE.

A referee appointed to take and state an assignee's account spent 4 days in taking testimony, and 18 more in making his report.    It did not appear that the account was extraordinarily difficult, but merely that the referee was unfamiliar with such matters.    Code, § 3266, requires the clerk, taxing costs, to strike out all charges for fees where it does not appear that the services were necessarily performed; and section 3296 gives a referee $10 per day for each day spent in the business.    *Held*

to mean each day necessarily so spent, and that an allowance for 10 days only was proper.

2. SAME—AFFIDAVIT.
    The affidavit in support of the claim for fees of a referee appointed to take and state an assignee's account must show that the time spent by the referee was necessarily required.

In the matter of the accounting of Luigi Piatti, assignee. On motion for retaxation of costs as to fees of referee for taking and stating the assignee's account. Motion denied.

Adam Wiener, for the motion.
Winthrop Parker, opposed.

GILDERSLEEVE, J. This is a motion for a retaxation of costs so far as the amount allowed as referee's fees is concerned. The referee who was appointed to take and state the account of the assignee submitted an affidavit placing his fees at the sum of $200. The clerk, upon the taxation of costs, reduced the amount to $100. It appears that 4 days only were spent in taking testimony; but the referee claims that he spent some 18 days more in reading over the account, and looking up the law, and making his report. The clerk, however, allowed him only 6 days for this work, which, added to the 4 days spent in the taking of the testimony, made 10 days in all, which, at the statutory rate of $10 a day, amounted to the $100 allowed by the clerk and taxed by him in the bill of costs. The referee further claimed that he paid $18.75 for stenographer's fees; but this was taxed as a separate item, so that it does not bear upon this motion. Section 3266 of the Code provides that the clerk, upon the taxation of costs, must strike out all charges for fees, other than the prospective charges expressly allowed by law, where it does not appear that the services for which they are charged were necessarily performed. A referee is entitled to $10 a day for each day spent in the business of the reference (Code, § 3296); but this means "necessarily" so spent. Finkel v. Kohn, 24 Misc. Rep. 368, 53 N. Y. Supp. 694. The affidavit presented in support of the referee's claim should not only show the time spent by the referee in the business of the reference, but also that this time was necessarily required. Brown v. Windmuller, 36 N. Y. Super. Ct. 76. In the case at bar it does not appear that the account was of such an extraordinary difficulty as to require 18 days' work to prepare a proper report thereon, in addition to the 4 days spent in taking testimony. The referee says that he was not familiar with such matters; but this was his misfortune, and does not entitle him to the extra compensation asked. It seems to me that the clerk arrived at a just conclusion with regard to the number of days necessarily required by the referee in the business of the reference, and that the taxation should stand.

Motion denied. No costs of motion.