## MORROW v. McMAHON et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. REFERENCE—REPORT — FILING—TERMINATION OF REFERENCE — RIGHTS OF PARTIES.

Code Civ. Proc. § 1019, provides that, if a referee's report is not filed within 60 days after the cause is finally submitted to him, either party may, before it is filed, serve a notice upon the attorney for the adverse party that he elects to end the reference, and thereafter the action must proceed as if no reference had been directed, in which case the referee shall not be entitled to any fees. Held, that the court had no power to order a party to take up and file a referee's report before the expiration of the 60 days, and thus deprive him of his right to terminate the reference without being liable for costs, in the event that the referee did not file the report within 60 days.

2. SAME—EXECUTORS AND ADMINISTRATORS.

The right to terminate a reference under the terms of the statute may be exercised as well by executors and administrators as by persons acting in individual capacity.

Appeal from special term, New York county.

Suit by Samuel H. Morrow against Minnie L. Secor and others and Mary McMahon and another, executors. From an order directing the executors to pay a referee's fees and file his report, they appeal. Reversed.

See, 71 N. Y. Supp. 961.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

William F. Clare, for appellants.
William H. Osborne, for respondents.

McLAUGHLIN, J. This action was brought to settle the accounts of the appellants as executors of the last will and testament of William

McMahon, deceased, to obtain a construction of his will, and to establish that James Morrow, the plaintiff's father, a beneficiary and remainder-man thereunder, was dead, and by reason thereof that his interest in the estate belonged to the plaintiff. The plaintiff's father was made a party defendant, and the summons was served upon him by publication. He did not appear, and an interlocutory judgment was thereafter entered declaring him dead, establishing the right of the plaintiff to his share in the estate as a beneficiary and remainder-man, construing certain provisions of the will, and directing that the appellants, as such executors and trustees, render an account. The matter was sent to a referee to take and state the accounts, and after the hearings before him had been closed, but before his report had been rendered, information came to the appellants to the effect that the plaintiff's father was not, in fact, dead, and for that reason they refused to take up the report. Thereupon the plaintiff and all of the other defendants made a motion to compel the appellants, as trustees, to take up the report and pay the fees of the referee, stenographer, etc. An order to this effect was made, and they have appealed.

We are of the opinion that the court had no power to make the order appealed from. Under section 1019 of the Code of Civil Procedure a referee's report must, within 60 days after the matter is finally submitted to him, be filed with the clerk or delivered to the attorney for one of the parties, and, if it is not filed or delivered within this time, either party to the action may, before it is filed or delivered, serve a notice upon the attorney for the adverse party that he elects to end the reference, and thereafter the action must proceed as if the reference had not been directed, and the referee, in that event, is not entitled to any fees. The right thus given to terminate a reference is an absolute one (Gregory v. Cryder, 10 Abb. Prac. [N. S.] 289), and a party cannot be deprived of it against his will. Little v. Lynch, 99 N. Y. 112, 1 N. E. 312; Geib v. Topping, 83 N. Y. 46. In the Little Case an order was affirmed which vacated a judgment entered upon a referee's report filed after the reference had been terminated by the notice prescribed in the section of the Code referred to, the Court saying:

"A referee is not bound to deliver his report without payment of his fees. The interest of the prevailing party will generally secure the taking up of the report, but if he fails to do so the referee must then file it, in order to prevent a termination of the reference by notice under the statute. Upon filing the report, the referee may doubtless maintain an action for his fees. The acceptance of a reference is a voluntary act, and the referee may decline the reference, but if he accepts it he must rely for the payment of his fees upon the interest of the prevailing party to take up the report, and, if he omits to do this, upon his common-law action to recover them, after putting himself in a position to maintain it, by filing the report."

Here, the report was not filed, and the 60 days after the report had been ready for delivery had not expired.

The decision in Attorney General v. Insurance Co., 93 N. Y. 45, is not in point. There, the referee was appointed by the court to take and state the accounts of a receiver, and, on making a report in favor of the receiver, he was directed to pay the referee's fees out of moneys in his hands, the court saying:

"In this case the party in whose favor the report was made being a receiver appointed by the court, whose legal expenses are properly payable out of the fund, the court had power, in the first instance, to order the referee's fees paid directly out of the fund."

Nor does the fact that these appellants are trustees under a will distinguish this case from the Geib or Little Case. The Code makes no distinction between the rights of parties as individuals and those acting in a representative capacity.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur; LAUGHLIN, J., in result.

