### GOLDZIER v. ROSEBAULT.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. REFEREE—SERVICES—RIGHT TO SUE.
     Where referee's services are not paid by the parties to a suit, he is entitled to maintain an action therefor.

2. SAME—STATUTES—CONSTRUCTION.
     Under Code Civ. Proc. § 3296, fixing the compensation of referees at $10 per day for each day spent in the business of the reference, the referee is entitled to count each day on which he is occupied by the business of the reference, without regard to the number of hours in the day so consumed by him.

3. SAME—TIME UNNECESSARILY SPENT.
     Under Code Civ. Proc. § 3296, authorizing a referee to charge $10 a day for each day spent in the business of the reference, the referee is not entitled to charge for time unnecessarily so spent.

¶ 1. See Reference, vol. 42, Cent. Dig. § 113.

**1. SAME—EVIDENCE.**

In an action for referee's services, the referee's sworn assertion as to the time necessarily spent by him is not conclusive, and hence evidence as to what questions were involved was admissible, as bearing on the length of time necessary to be spent in determining them.

Appeal from Municipal Court, Borough of Manhattan.

Action by Charles Goldzier against Charles J. Rosebault. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Walter M. Rosebault, for appellant.

Alfred Beekman, for respondent.

FREEDMAN, P. J. This action is brought by a referee appointed by consent to hear and determine the issues in an action in the Supreme Court brought by the appellant herein against Blakley Hall, impleaded with the appellant in this action. The record consists of 139 pages of typewritten matter, and contains a mass of incompetent and irrelevant testimony. The trial seems to have proceeded upon the theory that an action brought for services of a referee was to be governed by different rules of evidence than any other action for services, and that the referee alone was the only competent witness to testify as to the time necessarily spent in performing the duties of the referee.

There can be no question as to the right of the plaintiff to maintain this action. Morrow v. McMahon, 71 App. Div. 172, 75 N. Y. Supp. 534.

As to the compensation, Code Civ. Proc. § 3296, fixes it at $10 per day for "each day spent in the business of the reference," and this has been held to mean a day (there being no stipulation), whether "twelve hours or half an hour in a calendar day was occupied in the business of the reference." Matter of Bieber, 36 Misc. Rep. 341–343, 73 N. Y. Supp. 552. See, also, Brush v. Kelsey, 47 App. Div. 270, 62 N. Y. Supp. 214. Such provision does not however, permit the referee to recover for time unnecessarily spent in the business of the reference; and the defendant having offered to show that a portion of the time charged for by the referee in the case at bar was unnecessary, which the court excluded, the judgment must be reversed.

The referee's assertion, even upon oath, as to the time necessarily expended by him, is not conclusive, and may be contradicted. To determine the time necessary to be spent in deciding the issues after submission, testimony as to what were the questions involved should have also been admitted, as bearing upon that question.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.