The defendant is in no manner precluded from insisting upon a reversal of the judgment for the admission of the illegal and incompetent evidence because of the fact that he himself went upon the stand and sought to explain it. Evidence cannot be said to be entirely harmless when the party objecting to it is obliged to call a witness to explain or contradict it. Anderson v. R., W. & O. R. Co., 54 N. Y. 342.

The conclusion is reached that the evidence adverted to was illegal and incompetent; that its admission was prejudicial to the defendant; and for that reason that the judgment and order appealed from must be reversed. Having reached the conclusion indicated, it is unnecessary to consider any of the other questions presented by the exceptions.

Judgment and order reversed, and new trial ordered upon questions of law only; the facts having been examined and no error found therein.

HISCOCK and STOVER, JJ., concur. SPRING and WILLIAMS, JJ., dissent.

---

(98 App. Div. 285)

NEW YORK MUT. SAVINGS & LOAN ASS'N v. WESTCHESTER FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. November 23, 1904.)

1. REFEREE'S FEES—WAIVING STATUTORY PROVISIONS.
    A stipulation entered into at the opening of the trial before a referee "that the referee shall not be confined to the statutory compensation, but may charge and be paid a reasonable compensation for the services performed," is invalid, as it does not fix the rate of compensation to be paid, as required by Code Civ. Proc. § 3296.

Appeal from Special Term, Westchester County.

Action by the New York Mutual Savings & Loan Association against the Westchester Fire Insurance Company. From an order denying a motion for a new taxation of costs, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Woodson R. Oglesby, for appellant.
Ernest A. Cardoza (Michael H. Cardoza, Jr., on the brief), for respondent.

WILLARD BARTLETT, J. The decision of the Court of Appeals in Griggs v. Day, 135 N. Y. 469, 32 N. E. 238, constrains us to reverse the order appealed from in so far as it refuses a retaxation of the $500 allowed to the referee in this case. According to the brief for the respondent the referee spent 19 days in the business of the reference. He thus became entitled to receive $190 under the provisions of section 3296 of the Code of Civil Procedure, unless a higher rate of compensation was provided for by a stipulation made pursuant to that section. The stipulation relied upon as authorizing the allowance of $500 is the following entry, which

¶ 1. See Reference, vol. 42, Cent. Dig. § 110.

was made upon the stenographer's minutes upon the opening of the trial of the action:

"It is stipulated that the referee shall not be confined to the statutory compensation, but may charge and be paid a reasonable compensation for the services performed."

The stipulation in the case of Griggs v. Day, supra, was as follows:

"That the referee shall not be limited to the statutory fee of six dollars per day for his services in this case, but may charge such fees therefor as he deems proper."

The Court of Appeals held that the language quoted omitted to fix the rate of compensation as required by section 3296 of the present Code, and was, therefore, ineffectual to change the statutory rate, which was then $6 a day, but has since been raised to $10. The objection on this ground to the enforcement of the stipulation was declared to be purely technical, Judge Gray saying that the promptings of a moral and an honorable sense should have impelled the defendants to abide by their agreement. Nevertheless the court unanimously refused to give effect to the stipulation, on the ground that to do so would be to run counter to the previous decision in the case of the First National Bank v. Tamajo, 77 N. Y. 476, inasmuch as stability of decision, as a rule in the administration of justice, should not be abandoned on account of an occasional instance of hardship in the application of an established rule.

In view of this determination upon a precisely similar question to that involved here by the court of last resort, we have no option except to reverse the order and direct a new taxation of the referee's fees at the rate prescribed in section 3296 of the Code of Civil Procedure.

Order reversed, with $10 costs and disbursements, and new taxation of referee's fees directed before the clerk. All concur.