CHURCHILL v. COYNE et al.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

REFERENCE ☞76—FEES OF REFEREE.

Under Code Civ. Proc. § 3296, limiting the fees of a referee to $10 for each day necessarily spent in the business of reference, unless a stipulation for an amount in excess of that sum be entered into, a referee cannot recover the reasonable value of his services in the absence of a stipulation, and so must show the time necessarily spent on the matter referred.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 109–113; Dec. Dig. ☞76.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Thomas W. Churchill against Thomas J. Coyne, individually and as executor of and trustee under the last will and testament of Mary Coyne, deceased, and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

J. Baldwin Hand, of New York City (Richard B. Hand, of New York City, of counsel), for appellants.

Ernest W. Marlow, of New York City, for respondent.

HENDRICK, J. The action is brought to recover for services rendered by plaintiff as a referee appointed in an action in the Supreme

Court. Plaintiff framed his complaint and the case was tried on the theory that he was entitled to recover for the reasonable value of his services. This is error.

The fees of a referee in an action or special proceeding are regulated by section 3296 of the Code of Civil Procedure, and are limited to $10 for each day necessarily spent in the business of the reference, unless a stipulation in excess of that sum is entered into. The stipulation must be in writing and must fix the rate of compensation (N. Y. Mutual Savings & Loan Ass'n v. Westchester Fire Ins. Co., 98 App. Div. 285, 90 N. Y. Supp. 710), and in the absence of a stipulation, a referee is only entitled to the fee fixed by statute (Matter of Bieber, 36 Misc. Rep. 341, 73 N. Y. Supp. 552). It is incumbent upon the referee to show that the time spent on the reference was necessarily required. Finkel v. Kohn, 24 Misc. Rep. 368, 53 N. Y. Supp. 694; Matter of Piatti, 26 Misc. Rep. 434, 56 N. Y. Supp. 132.

The judgment should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.